# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Johnathan Robins, : 
          Appellant : 
           :    No.  1789 C.D. 2017
          v. : 
           :    Submitted:  February 23, 2018
Michael Ward and General Manager : 
of Delaware County Department of : 
Public Welfare : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED:  August 15, 2018

Johnathan Robins appeals from the July 31, 2017 orders of the Court of Common Pleas of Delaware County (trial court) granting a motion for judgment on the pleadings filed by Michael Ward and the General Manager of the Delaware County Department of Public Welfare (collectively, Defendants), dismissing Robins' amended complaint with prejudice, and denying Robins' motion to compel discovery as moot.

On June 4, 2015, Robins filed a complaint naming Ward, a caseworker at the Delaware County Department of Public Welfare, and Lucille Freeman, apparently a relative of Robins, as defendants. In this complaint, Robins alleged that Ward and Freeman committed welfare fraud when, in 2008, Ward allowed Freeman to include Robins' son on Freeman's welfare benefits. Robins stated that his son lived with him

and his wife, the child's mother, at all relevant times and that Freeman did not have legal or physical custody of the child. Robins noted that he requested that Ward remove his son from Freeman's benefits, but Ward failed to do so, which resulted in an order directing Robins to pay child support, interfered with the custody of his son, caused the suspension of his son's medical care, and caused his ultimate incarceration for failure to pay support. (Trial court op. at 1-2.)

On August 20, 2015, Robins filed a new complaint against Ward alone, removing Freeman as a defendant, based upon the same facts as the original complaint, and asserting the same claims and request for damages. On September 16, 2016, Robins requested and was later granted leave to amend his new complaint to add a second defendant. On December 1, 2016, Robins filed an amended complaint adding the General Manager of the Delaware County Department of Public Welfare as a defendant. The amended complaint set forth the same facts and claims, but added that the General Manager knew or should have known that Freeman had engaged in welfare fraud and that the filing of a support action against him was willful. Robins' amended complaint also requested a greater amount of damages. (Trial court op. at 2.)

Defendants thereafter filed an answer with new matter to Robins' amended complaint, denying all allegations and asserting that the amended complaint failed to conform to pleading practice by not including numbered paragraphs and was void of any facts to support a claim that was viable under tort law even if sovereign immunity was waived. Under new matter, Defendants specifically claimed that they were entitled to sovereign and official immunity and that such immunity was not waived under the facts asserted in the amended complaint. Defendants also asserted, *inter alia,* that Robins' claim exceeded the six-month statute of limitations set forth in section 5522(a) of the Judicial Code, 42 Pa.C.S. §5522(a), and that they, as

2

Commonwealth parties, were not liable for the exercise or non-exercise of authorized discretion or for negligence related to discretional acts, the negligent acts of third parties, or the criminal acts of third parties. (Trial court op. at 2-3.)

Robins filed a response to Defendants' new matter asserting that his claim was permitted under section 8550 of the Judicial Code, 42 Pa.C.S. §8550 (relating to actual fraud of a local agency employee). Additionally, Robins asserted that section 5524 of the Judicial Code, 42 Pa.C.S. §5524, allows for a two-year statute of limitations for actions of fraud, which may be extended under section 5504(b) of the Judicial Code, 42 Pa.C.S. §5504(b), such that an action does not accrue until the party suffers actual injury. Further, Robins alleged that any deficiencies in his amended complaint could be resolved by further amendment after discovery was conducted. (Trial court op. at 3.)

On May 24, 2017, Defendants filed a motion for judgment on the pleadings arguing that they, as Commonwealth employees acting within the scope of their duties, enjoy sovereign and official immunity except as specifically waived by the General Assembly. Defendants cited their status as employees of the Department of Public Welfare, a Commonwealth agency, and noted that they were acting within the scope of their employment when the alleged actions were taken. Hence, they asserted that they were protected by sovereign immunity from the imposition of liability for intentional torts. In addition, Defendants asserted that Robins' claim did not fall within an exception to this immunity, that the statute of limitations on such a claim had long expired, and that Robins failed to state a legal claim upon which relief could be granted. (Trial court op. at 3-4.)

In a brief in opposition to Defendants' motion, Robins argued that a motion for judgment on the pleadings was barred because discovery was outstanding

3

from Defendants and he had filed a motion to compel which was pending before the trial court. He alleged that such discovery was necessary to further buttress his claim under section 8550 of the Judicial Code, which created an exception to sovereign immunity. Further, he reiterated that the statute of limitations may be extended to relieve fraud under section 5504(b) of the Judicial Code. Defendants responded that there is no exception to sovereign immunity for a tort of fraud and reiterated their claims that Robins had failed to state a claim and the statute of limitations had run. (Trial court op. at 4.)

By orders dated July 31, 2017, the trial court granted Defendants' motion for judgment on the pleadings and dismissed Robins' amended complaint with prejudice. By order of the same date, the trial court also denied Robins' motion to compel discovery as moot. Robins thereafter filed a notice of appeal with the trial court.[1] *Id.*

The trial court subsequently issued an opinion in support of its order concluding that even accepting all facts as pled by Robins as true, he failed to state a cause of action as Defendants have the protection of sovereign immunity. The trial court noted that such immunity is set forth in 1 Pa.C.S. §2310, which provides that the "Commonwealth, its officials and employees acting within the scope of their duties enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." The trial court also concluded that Robins failed to comply with the notice requirements of section 5522 of the Judicial Code, 42 Pa.C.S. §5522,[2] which required dismissal of Robins' action.

---

[1] Robins initially filed his appeal with the Superior Court. However, by order filed October 23, 2017, the Superior Court transferred the matter to this Court.

[2] Section 5522 provides as follows:

**(a) Notice prerequisite to action against government unit.**

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth:

   (i) The name and residence address of the person to whom the cause of action has accrued.

   (ii) The name and residence address of the person injured.

   (iii) The date and hour of the accident.

   (iv) The approximate location where the accident occurred.

   (v) The name and residence or office address of any attending physician.

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.

42 Pa.C.S. §5522(a)(1), (2). Defendants and the trial court refer to this section as a statute of limitations.

In that regard, the trial court stated that Robins alleged that his "injury" occurred on December 31, 2008, when the support order was entered against him, or at the latest on June 19, 2009, when he was imprisoned for failure to pay child support, but did not present any proof that he provided notice to the Commonwealth as set forth in section 5522(a)(1), nor did he assert any excuse for failing to comply with this requirement. (Trial court op. at 8.)

Further, the trial court rejected Robins' argument that the fraud exception to immunity found in section 8550 of the Judicial Code, 42 Pa.C.S. §8550,[3] applied to Defendants because they were Commonwealth employees and not local agency employees. In this regard, the trial court noted that the Commonwealth, and its officials and employees acting within the scope of their duties, do not lose sovereign immunity for intentional torts. *Ioven v. Nestel*, 150 A.3d 572, 573 (Pa. Cmwlth. 2016). Indeed, in *Ioven*, this Court held that "[w]aiver of immunity only applies to actions of local agency employees, not to Commonwealth employees, where their actions constitute a crime, actual fraud, actual malice, or willful misconduct." *Id.* at 573-74.

---

[3] Section 8550 states as follows:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa.C.S. §8550.

On appeal,[4] Robins argues that the trial court erred as a matter of law in granting Defendants' motion for judgment on the pleadings. More specifically, Robins argues that the trial court erred in concluding that Defendants were immune from his suit alleging fraud and in concluding that he did not provide Defendants with sufficient notice of his claim in accordance with section 5522 of the Judicial Code. We disagree.

As the trial court properly noted, the "Commonwealth, its officials and employees acting within the scope of their duties enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. §2310. The General Assembly has waived immunity in nine specific circumstances under section 8522(b) of the Judicial Code, 42 Pa.C.S. §8522(b).[5] Most importantly, the General Assembly has not waived immunity for claims against Commonwealth parties that are premised on fraud. To the contrary, the General Assembly has provided a fraud exception to immunity for local agency employees under section 8550 of the Judicial Code. The trial court properly noted that this Court previously discussed this distinction in *Ioven*.

In *Ioven*, Douglas Ioven, a former employee of the Southeastern Pennsylvania Transportation Authority (SEPTA), filed a complaint against SEPTA and its police chief, Thomas Nestel, alleging that Nestel had published and distributed an

---

[4] Our scope of review of an order granting a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether questions of material fact remain outstanding, such that the case should have gone to the jury. *Tobias v. Halifax Township*, 28 A.3d 223, 225 n.4 (Pa. Cmwlth. 2011), *appeal denied*, 47 A.3d 849 (Pa. 2012).

[5] Section 8522(b) provides that liability may be imposed upon a Commonwealth party for the following acts: vehicle liability; medical-professional liability; care, custody, or control of personal property; Commonwealth real estate, highways, and sidewalks; potholes and other dangerous conditions; care, custody, and control of animals; liquor store sales; National Guard activities; and toxoids and vaccines.

officer safety bulletin to various law enforcement agencies that contained false statements about Ioven.[6] Ioven alleged that Nestel knew or should have known that these statements were false, but admitted that they were made in the course and scope of Nestel's employment with SEPTA. Ioven's complaint included claims against Nestel for defamation, in the nature of both slander and libel, and intentional infliction of emotional distress,[7] as well as a claim that SEPTA was vicariously liable for Nestel's actions. The common pleas court ultimately sustained a motion from Nestel and SEPTA for judgment on the pleadings and dismissed Ioven's complaint with prejudice on the basis of sovereign immunity.

On appeal, this court affirmed. We noted that defamation was not listed as an exception to sovereign immunity under section 8522(b) of the Sovereign Immunity Act. Additionally, we rejected Ioven's arguments regarding an exception to immunity under section 8550 of the Judicial Code, 42 Pa.C.S. §8550, for acts constituting actual malice or willful misconduct. We noted that such an exception only applies to the immunity granted to local agency employees, not Commonwealth employees, and that the latter "do not lose their sovereign immunity protection . . . provided they are acting within the scope of their employment." *Ioven*, 150 A.3d at 573-74. Because Ioven admitted in his complaint that Nestel was acting within the scope of his employment, we held that the common pleas court properly concluded that Nestel was protected by sovereign immunity.

---

[6] The purported false statements included that Ioven had pointed a loaded firearm at a pedestrian, did not have a permit to carry a concealed weapon, and impersonated a police officer on several occasions.

[7] Ioven's claim of intentional infliction of emotional distress was dismissed following the filing of preliminary objections on behalf of Nestel and SEPTA.

8

Similarly, here, Robins repeatedly refers to Defendants as employees of the Delaware County Department of Public Welfare, a Commonwealth agency, and nowhere in his pleadings does he allege that Defendants were acting outside the scope of their employment. Rather, a review of the allegations of Robins' amended complaint reveals that Defendants' actions were undertaken in the course of their respective employment as a caseworker and General Manager for the Delaware County Department of Public Welfare. While Robins correctly notes that the statute of limitations for fraud is two years under section 5524(7) of the Judicial Code, 42 Pa.C.S. §5524(7), and may be extended to relieve fraud or its equivalent under section 5504(b) of the Judicial Code, 42 Pa.C.S. §5504(b), the statute of limitations is immaterial here because the General Assembly has not waived immunity for claims of fraud against Commonwealth employees such as Defendants who are acting within the scope of their employment. Thus, the trial court properly concluded that Defendants, both of whom were Commonwealth employees, were immune from suit under 1 Pa.C.S. §2310.

With regard to the required notice under section 5522(a) of the Judicial Code, Robins argues that no such notification was required because he was suing government employees, not a government unit. However, Robins neglects the fact that Defendants were part of a government unit, *i.e.*, the Delaware County Department of Public Welfare, thereby requiring notice as set forth in section 5522(a). Moreover, the record in this case is clear that Robins knew of the alleged injury to him at the latest by June 19, 2009, when he was imprisoned for failure to pay child support. However, Robins did not provide notice of his claim until June of 2015, nearly six years later when he filed his original complaint with the trial court, and never attempted to set forth an excuse for failing to comply with this requirement. Thus, the trial court properly concluded that section 5522(a)(2) mandates dismissal of Robins' complaint.

Accordingly, the trial court's orders are affirmed.[8]



PATRICIA A. McCULLOUGH, Judge

Judge Fizzano Cannon did not participate in this case.

---

[8] In light of our disposition above, we need not address the additional claims raised by Robins on appeal that the trial court abused its discretion by granting Defendants' motion for judgment on the pleadings when discovery was outstanding and by ruling on his motion to compel discovery subsequent thereto. However, we note that any responses to discovery would have fallen outside the pleadings and that denial of the motion to compel discovery was proper given that Defendants were immune from suit.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Johnathan Robins,           :
          Appellant        :
                           :    No. 1789 C.D. 2017
         v.               :
                           :
Michael Ward and General Manager    :
of Delaware County Department of     :
Public Welfare                     :

## ***ORDER***

AND NOW, this 15th day of August, 2018, the orders of the Court of Common Pleas of Delaware County, dated July 31, 2017, are hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge