# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
:
        v.              :   No. 67 C.D. 2019
:   Submitted: January 31, 2020
Agnes Frempong and       :
Steve Frempong,          :
            Appellants   :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED: August 27, 2020**


Agnes Frempong and Steve Frempong (collectively, Appellants) appeal from the order of the Court of Common Pleas of Philadelphia County (trial court), dated December 13, 2018. In its order, the trial court denied Appellants' motion to set aside the sheriff's sale of their property conducted pursuant to what is commonly referred to as the Municipal Claims and Tax Liens Act (MCTLA).[1] For the following reasons, we will affirm the trial court's order.

On June 14, 2016, the City of Philadelphia (City) filed, pursuant to Section 31.2 of the MCTLA,[2] an amended tax petition for unpaid real estate taxes

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505.

[2] Added by Section 1 of the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283. Section 31.2 of the MCTLA provides, in relevant part:

(a) In addition to the remedies prescribed in sections 28, 31 and 31.1 of this act, in cities of the first class, whenever a claimant has filed its tax or municipal claim in accordance with the requirements of this act, it may file its petition in the court in which the proceeding is pending, setting forth the facts necessary to show the right to sell [the property subject to the claim], . . . and thereupon the court shall grant a rule upon all parties thus shown to be interested, to appear and show cause why a decree should not be made that the property be sold, freed and cleared of their respective claims, mortgages, ground rents, charges and estates. If upon a hearing, the court is satisfied that service had been made of the rule upon the parties respondent in the manner provided in this act for the service of writs of *scire facias* to obtain judgments upon tax and municipal claims, and that contemporaneously with the service of the rule on the parties respondent notice of the rule has been published by the claimant in at least one newspaper of general circulation in the county, and in a legal periodical published therein, if any, and that the facts stated in the petition be true, it shall order and decree that the property be sold at a subsequent sheriff's sale at a time to be fixed thereafter by the claimant, clear of all claims, liens, mortgages, ground rents, charges and estates, to the highest bidder at such sale . . . .

. . . .

(e) Upon the delivery by the sheriff of a deed for any property sold under the provisions of this section, the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive, and the validity thereof shall not be questioned for any cause whatsoever.

Section 39.3 of the MCTLA, added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.3, is also relevant to our analysis. It provides:

All parties wishing to contest the validity of any sale conducted pursuant to section 31.2 of [the MCTLA], including the sufficiency of any notice, and any party claiming to have an interest in the premises which was not discharged by the sale must file a petition seeking to overturn the sale or to establish the interest within three months of the acknowledgment of the deed to the premises by the sheriff.

2

on the property located at 1333 East Mount Pleasant Avenue in Philadelphia, Pennsylvania (Property), naming only Agnes Frempong as defendant. That same day, in response to the City's petition and as required by Section 31.2, the trial court issued a rule requiring Ms. Frempong to show cause why the Property should not be sold for delinquent taxes (Rule). After granting several continuances spanning nearly a year, the trial court held the hearing on the Rule on June 27, 2017. The next day, the trial court issued an order granting the City's petition and decreeing that the Property be sold at sheriff's sale (Decree). (*See* Supplemental Reproduced Record (S.R.R.) at 46b.) After the trial court issued the Decree, but before the sheriff's sale occurred, Steve Frempong sought to intervene in this matter.[3]

Upon Mr. Frempong's intervention, Appellants commenced a series of challenges to the City's attempt to have the Property sold. First, on July 3, 2017, Ms. Frempong filed a motion for reconsideration of the Decree (Motion for Reconsideration). (*See* O.R., Item No. 13.) In the Motion for Reconsideration, Ms. Frempong claimed that the Decree was invalid because the City failed to adhere to the MCTLA's requirements for service of the Rule. Specifically, Ms. Frempong alleged that the City deliberately served the Rule on her at an incorrect address, failed to produce documentary evidence in support of its affidavit of service, and failed to serve Mr. Frempong as an interested party. (*See id.* at 3-5, 9.) Ms. Frempong also argued that the trial court lacked jurisdiction to enter the Decree because of a pending

---

[3] Mr. Frempong filed a petition to intervene on July 3, 2017, which the trial court granted on August 9, 2017 (Intervention Order). (*See* Original Record (O.R.), Item No. 18.) On September 18, 2017, pursuant to the City's motion for reconsideration, the trial court struck the Intervention Order. (*See* O.R., Item No. 29.) Thus, Mr. Frempong was no longer a party to this litigation on October 12, 2018—the date Ms. Frempong filed the motion that gave rise to the order now on appeal. The City has not, however, raised any argument that Mr. Frempong is not a proper participant in this appeal.

3

petition to appeal the underlying tax liens *nunc pro tunc*. (*See id.* at 5.) She also alleged that the trial court had intentionally and/or fraudulently changed the date of the Rule hearing without notice to her.[4] (*See id.*) On August 2, 2017, the trial court denied the Motion for Reconsideration.

Second, on August 24, 2017, Appellants filed a "Petition to Strike [the Decree] for Fatal Defects and Irregularities Apparent on the Face of the Record or to Open Default Judgment and Let into Defense [(Motion to Strike).]" (Reproduced Record (R.R.) at 43a.) In the Motion to Strike, Appellants raised arguments substantially identical to the arguments they raised in the Motion for Reconsideration. In addition, they argued that the Decree was defective because the trial court failed to satisfy itself at the hearing, as required by Section 31.2(a) of the MCTLA, that the City had published the Rule in a newspaper and that the facts in the City's petition were true. (*Id.* at 45a.) Appellants also argued that the City's petition—on which the Decree was based—was formally defective because it did not include exhibits to which the petition referred and because it lacked specificity. (*Id.* at 46a-47a.) Finally, Appellants purported to challenge the validity of the tax liens underlying the City's petition. (*Id.* at 47a.) On December 15, 2017, following a hearing, the trial court denied the Motion to Strike. On January 16, 2018, Appellants filed an appeal of the trial court's orders issuing the Decree, denying the Motion to Strike, and striking the Intervention Order. Thereafter, the trial court issued a Pa. R.A.P. 1925(a) opinion on February 26, 2018. By order dated March 27, 2018, docketed at *Frempong v. City of Philadelphia*, No. 96 C.D. 2018

---

[4] Appellants allege that Ms. Frempong was not present at the Rule hearing due to the alleged failure of proper service, but that Mr. Frempong happened to be in court that day for an unrelated matter and was incidentally able to participate in the Rule hearing. (Appellants' Br. at 5-6.)

4

(*Frempong I*), we dismissed that appeal for Appellants' failure to comply with our earlier order directing them to pay the filing fee.

On April 18, 2018, the Property was sold at a sheriff's sale pursuant to the Decree (Sale). Following Mr. Frempong's unsuccessful attempt to redeem the Property, on September 24, 2018, the sheriff acknowledged the deed conveying the Property to the purchaser at the Sale. Appellants then mounted what is essentially their third challenge to the validity of the Decree and the resulting Sale when Ms. Frempong filed a "Motion to Set Aside or Vacate [the Sale]" on October 12, 2018 (Motion to Set Aside), which is the subject of this appeal. (R.R. at 92a.) In the Motion to Set Aside, Ms. Frempong did not challenge the conduct of the Sale itself, but argued only that "the [o]rder [on] which the Sale was based [(*i.e.*, the Decree)] . . . was obtained by fraud and various irregularities." (*Id.* at 95a.) As to the nature of the alleged irregularities, Ms. Frempong raised issues identical to those in the Motion for Reconsideration and Motion to Strike. (*See id.*)

On December 13, 2018, following the fifth hearing it conducted in this matter, the trial court denied the Motion to Set Aside. After Appellants filed the instant appeal of that order, the trial court issued a Pa. R.A.P. 1925(a) opinion. In the opinion, the trial court simply explained: "On Appeal, [Appellants] raise the same claims of error regarding the validity of the . . . Decree as they did in their prior . . . appeal [in *Frempong I*]. As such, the trial court incorporates its prior February 26, 2018 [Pa. R.A.P. 1925(a)] Opinion as fully stated herein . . . ." (Appellants' Br., App. 2 at 2 (citation omitted).)

On appeal,[5] Appellants essentially argue that the trial court erred in denying the Motion to Set Aside. The sole basis for their argument is their claim that the Decree is invalid because of various alleged procedural irregularities. In support of that claim, Appellants identify the same alleged defects in the Decree that they articulated in *Frempong I*—*i.e.*, improper service or proof of service,[6] failure to publish the Rule, absence of evidence supporting the facts in the City's petition, and fraudulent rescheduling of the Rule hearing. Appellants then argue that because "the underlying Decree . . . is invalid and a nullity[,] the . . . Sale is void *ab initio* and should be vacated or set aside." (Appellants' Br. at 8.) In response, the City broadly argues that some of the procedural requirements Appellants cite do not apply in this context, and that those that do apply were satisfied before the trial court granted the Decree. The City also emphasizes that the trial court has examined the issue of service on several prior occasions (including in connection with the Motion for Reconsideration and Motion to Strike) and upheld the Decree. The City further claims that Appellants' continued participation in this litigation represents a waiver of the service issue.

Before turning to the merits of Appellants' arguments, we note the trial court's observation that Appellants have essentially sought to litigate the same claims—

---

[5] "[O]ur scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *Casaday v. Clearfield Cty. Tax Claim Bureau*, 627 A.2d 257, 258 (Pa. Cmwlth. 1993).

[6] We previously have noted our confusion at the fact that, "contrary to the plain language of Section 31.2(a) [(of the MCTLA)], Section 39.2 of the [MCTLA], added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2, provides that notice of a rule to show cause issued pursuant to Section 31.2 is to be made by posting and first class mail to all interested parties." *City of Phila. v. Manu*, 76 A.3d 601, 605 (Pa. Cmwlth. 2013). We will not address any conflict between these provisions, however, because we will resolve this matter on other grounds, as we discuss below.

6

relating to the validity of the Decree—on a number of different occasions. The doctrine of res judicata—which includes the "related, yet distinct" concepts of technical res judicata (or claim preclusion) and collateral estoppel (or issue preclusion)—exists to prevent the unfairness and inefficiency of needlessly duplicative litigation. *Robinson v. Fye*, 192 A.3d 1225, 1231 (Pa. Cmwlth. 2018); *see Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*, 902 A.2d 366, 376 (Pa. 2006) ("[Res judicata] protect[s] the judiciary from the . . . inefficiency and confusion that re-litigation of a claim would breed."), *cert. denied*, 549 U.S. 1054 (2006). "Res judicata, or claim preclusion, applies only when there exists a coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *Robinson*, 192 A.3d at 1231 (quoting *J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002), *appeal denied*, 818 A.2d 506 (Pa. 2003)). When technical res judicata applies, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Id.* (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995)).

When determining whether causes of action are identical for res judicata purposes, we look to, "*inter alia*, the similarity of the acts complained of, the demand for recovery, and the facts alleged." *Tobias v. Halifax Twp.*, 28 A.3d 223, 227 (Pa. Cmwlth. 2011), *appeal denied*, 47 A.3d 849 (Pa. 2012). This comparison is not mechanical, and "we keep in mind that a party cannot avoid res judicata simply by varying the legal theory for relief or by recasting the nomenclature for the relief

requested." *Id.* "Generally, a cause of action will be considered identical when the subject matter and the ultimate issues are the same in both proceedings." *Id.* at 226.

Applying these principles to the instant matter, we conclude that Appellants' claims, as set forth in the Motion to Set Aside, are barred by the doctrine of res judicata. Appellants now allege facts that are identical to those at issue in *Frempong I*—including the City's service of Appellants, the trial court's scheduling of the hearing, and the City's failure to publish the Rule. As Appellants make clear, their complaint is essentially that the Decree—not the Sale *per se*—is void because of the irregularities they allege. That complaint is identical to the arguments they raised before the trial court in the Motion for Reconsideration and Motion to Strike and was also the only issue on appeal when they sought review of the trial court's earlier orders in *Frempong I*. Thus, the instant cause of action is identical with the cause of action in *Frempong I* because both matters involve the same subject matter (the Decree) and ultimate issues (whether the Decree was valid). *See Tobias*, 28 A.3d at 226. Although Appellants now attack the validity of the Decree indirectly by challenging the Sale, simply renaming their challenge to the Decree or relying on a different statutory provision does not permit them a second opportunity to attack the Decree.[7] *See id.* at 227. Appellants were parties to *Frempong I* in the same

---

[7] Appellants appear to suggest that Section 39.3 of the MCTLA authorizes their challenge to the Sale as a proceeding and/or cause of action separate from the Motion for Reconsideration and Motion to Strike (which challenged the Decree, not the Sale). (*See* Appellants' Br. at 28-29.) Section 39.3 requires parties to bring any challenge to the validity of a *sale* within three months of the sheriff's acknowledgement of the deed, whereas Section 31.2(e) of the MCTLA requires any challenge to the *judgment* upon which the sale was based to commence before delivery of the deed. While these sections appear to contemplate challenges to separate steps in the tax collection process that occur according to different time limits, no provision in the MCTLA allows a party two opportunities to challenge the exact same part of the process (*i.e.*, the Decree), as Appellants attempt to do here. We could imagine a party relying on Section 39.3 to challenge the *conduct* of

8

capacities in which they participate in this matter. Because technical res judicata, therefore, applies, the trial court did not err in denying the Motion to Set Aside (despite that it did so based on a different rationale than we apply here). Accordingly, we will affirm the trial court's order, albeit on alternate grounds.

_____
P. KEVIN BROBSON, Judge

---

the sale separately from the decree authorizing the sale, but Appellants raise issues with respect to the Decree only, just as they did in *Frempong I*.

Regardless, even if this proceeding—under the Motion to Set Aside—could be properly characterized as its own cause of action separate from that in *Frempong I*, then collateral estoppel would apply, and we would reach the same result. *See Robinson*, 192 A.3d at 1231-32 (holding collateral estoppel applies when present issues were "necessary to [a] final judgment on the merits" and same party had "a full and fair opportunity to litigate the issue" in prior litigation of separate cause of action).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia

        v.

Agnes Frempong and
Steve Frempong,

              Appellants

:
:
: No. 67 C.D. 2019
:
:
:
:

# **O R D E R**

AND NOW, this 27th day of August, 2020, the order of the Court of Common Pleas of Philadelphia County, dated December 13, 2018, is AFFIRMED.

_____
P. KEVIN BROBSON, Judge
