# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angel Rivera, :
                Appellant :
    :
           v. : No. 65 C.D. 2024
    : Submitted: November 7, 2024
Karen Holly, CHCA and :
Shawn Kephart, DSCS :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                 **HONORABLE LORI A. DUMAS,** Judge
                 **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**       **FILED: December 20, 2024**

Angel Rivera (Rivera), proceeding pro se, appeals from an Order of the Court of Common Pleas of Schuylkill County (common pleas), dated December 14, 2023, granting Department of Corrections (DOC) employees, Karen Holly's (Holly) and Shawn Kephart's (Kephart) (together, DOC Employees), Motion for Judgment on the Pleadings (Motion) and dismissing Rivera's Amended Complaint based on sovereign immunity. Upon careful review, we agree with common pleas that DOC Employees are immune from suit and, therefore, we affirm.

Common pleas summarized the pertinent procedural and factual background as follows. On July 14, 2022, Rivera filed the Amended Complaint, asserting a conversion claim and seeking compensatory and punitive damages, against DOC Employees based on the withdrawal of $450.00 in medical co-pays from Rivera's

inmate account for medical monitoring related to a hunger strike. (Common Pleas'
Pa.R.A.P. 1925(a) Opinion (1925(a) Op.) at 1-2.) During the relevant period, Rivera
was incarcerated at the State Correctional Institution (SCI) at Frackville, where
Rivera engaged in a hunger strike and was placed on infirmary medical observation
status. (*Id.*) Rivera was also hospitalized for a few days outside of the SCI. (*Id.* at
1-2.) As a result of the hunger strike and required medical observation, Rivera's
inmate account was assessed for each day of the hunger strike and accompanying
observation. (*Id.* at 2.) Kephart, the Deputy Superintendent of Centralized Services,
purportedly directed Holly, a registered nurse and the Certified Health Care
Administrator, to charge Rivera a copay for each day Rivera refused to eat and
required medical observation. (*Id.*) Kephart told Rivera this was authorized by DOC
policy. (*Id.*) However, upon transfer to another SCI, Rivera discovered that there
was purportedly no existing DOC policy authorizing DOC Employees to deduct
medical copays from Rivera's inmate account for refusing to eat and, as such, Rivera
initiated the underlying action. (*Id.*)

In response to the Amended Complaint, DOC Employees initially filed
preliminary objections, which were overruled. (Common Pleas' 10/13/22 Order,
Original Record (O.R.) Item 11.) DOC Employees then filed an Answer and New
Matter to the Amended Complaint, and Rivera filed a response to the new matter,
thereby closing the pleadings. DOC Employees then moved for judgment on the
pleadings and, following briefing, common pleas granted the Motion. (Common
Pleas' 12/14/23 Order, O.R. Item 26). In the Order, common pleas explained that
"as a matter of law, [DOC Employees'] conduct was within the scope of their
employment duties," and therefore, Rivera's intentional tort claim was barred by the
doctrine of sovereign immunity. (*Id.* at n.1.) Rivera filed a notice of appeal.

On appeal,[1] Rivera presents multiple arguments. Rivera first contends that sovereign immunity is inapplicable to DOC Employees and their activity in deducting the medical copays from Rivera's inmate account because there "was no law or policy in place authorizing [DOC Employees] to deduct [the] funds." (Rivera's Brief (Br.) at 9.) On this point, Rivera asserts that because no law or policy existed authorizing DOC Employees' deduction of the medical copays, the deduction was "not within the scope of their duties or acts committed in furtherance of the employer's interest." (*Id*.) Rivera acknowledges there is a policy that permits DOC to deduct medical copays for care resulting from an inmate's self-harm, but contends that the refusal to eat was a result of a mental illness and was not an attempt to cause harm to himself. Rivera also asserts he did not suffer any injury from refusing to eat. Thus, according to Rivera, the DOC policy that permits for deductions caused by self-harm is inapplicable. Rivera concludes that because the refusal to eat was a result of mental illness, that Rivera was not treated for any self-sustained injuries while on infirmary observation status or at the hospital, and that because Section 93.12(d)(8) of the DOC's Regulations, 37 Pa. Code § 93.12(d)(8), and Section 1.B.8. of DOC Administrative Directive, DC-ADM 820,[2] purportedly prohibit the DOC from charging Rivera for infirmary care in a DOC facility, common pleas erred in granting the Motion and dismissing the Amended Complaint. (*Id*. at 11-12.)

---

[1] "Our scope of review of an order granting a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether questions of material fact remain outstanding, such that the case should have gone to the jury." *Tobias v. Halifax Township*, 28 A.3d 223, 225 n.4 (Pa. Cmwlth. 2011). "Our standard of review of an order granting or denying a motion for judgment on the pleadings is plenary." *Id*. (citing *Trib Total Media, Inc. v. Highlands Sch. Dist.*, 3 A.3d 695, 698 n.3 (Pa. Cmwlth. 2010)).

[2] DOC Administrative Directive, DC-ADM 820, is available at https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/820%20Co-Payment%20for%20Medical%20Services.pdf (last visited Dec. 12, 2024).

DOC Employees counter, arguing that it was not error for common pleas to dismiss the Amended Complaint based on sovereign immunity. DOC Employees first argue, citing 1 Pa.C.S. § 2310,[3] that unless sovereign immunity is specifically waived, "a Commonwealth party acting within the scope of his or her duties cannot be held liable in a civil action." (DOC Employees' Brief (Br.) at 9.) DOC Employees assert that conversion is an intentional tort and liability has not been waived under Section 8522 of what is commonly referred to as the Sovereign Immunity Act, 42 Pa.C.S. § 8522, thus, barring Rivera's conversion claim based on sovereign immunity.[4] (*Id*. at 7, 9-10 (citing *Palmer v. Doe* (Pa. Cmwlth., No. 2451 C.D. 2015, filed May 5, 2016), and *Stokes v. COI Gehr* (Pa. Cmwlth., No. 332 C.D. 2011, filed Oct. 19, 2011).))[5] DOC Employees next contend that Rivera cannot reasonably argue that they were acting outside the scope of their duties when they deducted the medical copays from Rivera's inmate account. (*Id*.) DOC Employees assert their adherence to both Section 93.12(c)(2) of the DOC's Regulations, 37 Pa.

---

[3] Section 2310 provides, in pertinent part, as follows:

Pursuant to section 11 of [a]rticle [I] of the Constitution of Pennsylvania, [PA. CONST. art. I, § 11,] it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 Pa.C.S. § 2310.

[4] To the extent Rivera is attempting to assert a fraud claim, DOC Employees argue fraud is also an intentional tort precluding liability under the sovereign immunity doctrine. (DOC Employees' Br. at 7.) Further they argue "Rivera may not avoid the bar of sovereign immunity by couching his claim as one of 'breach of duty' or negligence when it is clear that the taking was intentional." (*Id*.) In his brief to this Court, Rivera states he is alleging only a conversion claim. (Rivera's Br. at 7.) Therefore, we need not address these arguments further.

[5] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Code § 93.12, and Section 1.A.1.b. of DOC Administrative Directive, DC-ADM 820, when deducting medical copays from an inmate account for self-inflicted injury or illness is within the scope of DOC Employees' duties. (*Id*. at 12-13.) DOC Employees further assert that "DOC's longstanding practice of charging inmates copays for medical services rendered during a hunger strike" has been uniformly approved of and repeatedly upheld by this Court. (*Id*. at 7-8, 12-13 (citing *Maple v. Dep't of Corr.* (Pa. Cmwlth., No. 275 M.D. 2020, filed Aug. 11, 2021), and *Hill v. Dep't of Corr.* (Pa. Cmwlth., No. 405 M.D. 2014, filed July 13, 2015).))

In their third argument, DOC Employees contend that DOC considers a hunger strike to be a self-inflicted injury as indicated in the New Matter and, because Rivera did not specifically deny those allegations, Rivera "has admitted that the charges assessed to his account on November 10, 2020, were for care he received at a prior date, and were not assessed for care he allegedly received while at the hospital." (*Id*. at 13-14.) Finally, DOC Employees argue that they were authorized to impose the medical copays and deduct same from Rivera's inmate account pursuant to Section 1.A.1.b. of DOC Administrative Directive, DC-ADM 820. (*Id*. at 14-15.) DOC Employees assert that Rivera "misinterprets" Section 1.B.8. of DOC Administrative Directive, DC-ADM 820, which must be read in relation to the other provisions, including Section 1.A.1.b., and when read together, they allow DOC to charge an inmate for medical care, including infirmary care, resulting from a self-inflicted injury. (*Id*.) DOC Employees conclude that the medical copay deductions from Rivera's account were intentional acts within the scope of DOC Employees' duties as employees of DOC, and, therefore, DOC Employees "are insulated by sovereign immunity from Rivera's claims." (*Id*. at 16.)

5

Before reaching the merits of Rivera's appeal, we must first address an issue raised by common pleas in its 1925(a) Opinion. Therein, common pleas stated it was never served with Rivera's Notice of Appeal as required by Pennsylvania Rule of Appellate Procedure 906(a)(2), Pa.R.A.P. 906(a)(2). Rule 906(a) requires an appellant to serve a copy of the notice of appeal on "[t]he judge of the court below, whether or not the reasons for the order appealed from already appear of record." *Id.* Common pleas claims it was not served with the notice of appeal, and accordingly, requests that the Court quash the appeal. As stated in *F.A. Properties Corporation v. City of Philadelphia* (Pa. Cmwlth., No. 122 C.D. 2016, filed March 6, 2017), slip op. at 8, n.4, the "failure to comply with the above requirement is not a fatal defect that requires the dismissal of an appeal," and therefore we decline to do so here.

Turning to the merits, upon careful review of the parties' arguments, the record, and the law, we believe the issues raised have been ably resolved in the well-reasoned opinion of the Honorable James P. Goodman, and we affirm on the basis of his opinion in *Rivera v. Holly* (C.C.P. Schuylkill, No. S-541-2022, filed February 20, 2022).

_____
**RENÉE COHN JUBELIRER**, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angel Rivera,                                    :
                Appellant        :
                             :
         v.                                   :   No. 65 C.D. 2024
                             :
Karen Holly, CHCA and                   :
Shawn Kephart, DSCS                      :

# O R D E R

**NOW**, December 20, 2024, the Order of the Court of Common Pleas of Schuylkill County, dated December 14, 2023, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge