716 A.2d 1228

R/S FINANCIAL CORPORATION, Appellant,

v.

Anthony KOVALCHICK, Sr. and Helen Kovalchick,
his wife, t/a Bell Coal Company

v.

Robert ROSENSTEIN, Harold Saler, William Grant, Additional
Defendants and Michael Kovalchick, Cathy Kovalchick, Peter
Kovalchick and Donna–Lyn Kovalchick, Garnishees.

Supreme Court of Pennsylvania.

Argued Feb. 2, 1998.

Decided Aug. 19, 1998.

Reargument Denied Oct. 13, 1998.

Richard A. Sprague, Charles J. Hardy, Geoffrey R. Johnson, T. Truxtun Hare, Philadelphia, for R/S Financial Corp.

LLoyd R. Hampton for Michael Kovalchick, et al.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

The issue before this Court is whether the Superior Court exceeded its scope of review when it reconsidered the validity of judgments entered against appellees in 1983. Because we find that the validity of the judgments was previously litigated before the trial courts and before this Court, we hold that the Superior Court exceeded its scope of review and reverse the Superior Court's decision.

This matter has a long and tortured history in the courts of this Commonwealth and in the federal bankruptcy courts over the last sixteen years. On May 20, 1982, a jury verdict in the amount of $1,436,489 was rendered in favor of appellant and against the parents of appellees. In 1983, appellant sought to garnish property of the parents in appellees' possession.[1] Appellees failed to answer garnishment interrogatories; therefore, on August 26, 1983, default judgments were entered against each of the appellees in the amount of $1,436,489.[2]

1. The Rules of Civil Procedure pertaining to execution upon judgments permit a judgment holder to execute against a third party garnishee, such as appellees, who either owes a debt to the judgment debtor, has property of the judgment debtor in his custody or control, holds property as a fiduciary in which the judgment debtor has an interest, holds legal title to property of the judgment debtor whether or not in fraud of creditors, or owns or possesses real property subject to a mortgage, judgment or other lien in which the judgment debtor has an interest. Pa.R.C.P. 3101–3113. Because appellees here held property belonging to their judgment debtor parents, they were proper garnishees under the rules. Rule 3146 permits the entry of a default judgment against a garnishee for failure to answer interrogatories in aid of execution.

2. The facts underlying the original jury verdict are not contained in the record before this Court.

On September 7, 1983, appellees filed petitions to open default judgments requesting that the judgments be stricken or opened. Appellees claimed that the prothonotary had no authority to enter judgment against them and that they had been denied due process because the trial court failed to conduct an assessment of damages hearing in accordance with Pa.R.C.P. 3146.[3] On September 28, 1983, the trial court denied appellees' petitions to strike and ordered them to proceed by deposition on their petitions to open in accordance with Pa.R.C.P. 209(a).[4] Appellees neither appealed the denial of their petitions to strike nor took further action on their petitions to open.

Nearly five years later, on May 31, 1988, appellant filed a praecipe for writ of revival of judgments. On July 1, 1988, appellees filed preliminary objections which the trial court dismissed on November 22, 1988, finding that appellees were attacking the validity of the judgments which can only properly be accomplished either through motions to strike or petitions to open. In response to the dismissal of the preliminary objections, on January 5, 1989, appellees filed a petition to open default judgment and/or strike judgment liens, once again claiming that the prothonotary had no authority to enter judgment against them and that they had been denied due process because the trial court failed to conduct an assessment of damages hearing in accordance with Pa.R.C.P. 3146. The trial court dismissed the petition holding that, because appellees alleged the same grounds for relief as those raised in their 1983 petitions and because they failed to proceed with

**3.** Rule 3146 provides in pertinent part:

(a)(1) If the garnishee within the time allowed by these rules fails to file an answer to interrogatories containing a notice to answer, the prothonotary on praecipe of the plaintiff shall enter judgment, unliquidated in amount, in favor of the plaintiff and against the garnishee. The amount of the judgment shall thereafter be assessed by the court on motion, notice to the garnishee with a copy to the defendant in the form provided by subdivision (a)(2), and hearing ...

**4.** Former Rule 209(a), which was rescinded effective January 1, 1996, required the moving party to proceed with depositions to prove disputed facts or, in the alternative, to admit averments of fact in the respondent's answer.

those petitions, they were precluded from attacking the validity of the judgments.

Appellees appealed to the Superior Court, and on February 13, 1990, the Superior Court affirmed, holding that a party who fails to appeal in a timely manner a trial court's refusal to strike a default judgment is thereafter estopped from collaterally attacking the validity of the judgment in a new petition to strike, particularly where, as here, the issues raised in the new petition are essentially identical to those raised in the earlier petition. Appellees then filed a petition for allowance of appeal which this Court denied on April 1, 1991.

Thereafter, on September 3, 1991, appellees filed petitions to open and for a stay of execution, once again raising the Rule 3146 issue. On November 14, 1991, the trial court, on motion of appellant, struck the petitions on the grounds of laches and res judicata finding the validity of the original and revival judgments had been fully litigated and affirmed on appeal. Appellees did not appeal the November 14, 1991 order striking their petitions.

In November 1991, on the eve of a sheriff's sale of property in execution of the judgments, appellees filed bankruptcy petitions. During the bankruptcy proceedings, the bankruptcy court ruled that the judgments had withstood the many petitions to strike or open, and were "therefore now clearly final." *In re Kovalchick*, 175 B.R. 863, 872 (Bankr.E.D.Pa. 1994). Appellees bankruptcy cases were dismissed on July 13, 1995.

On July 12, 1995, just before the dismissal of their bankruptcy cases, appellees filed a petition to dissolve attachment for failure to prosecute garnishment proceedings raising the same Rule 3146 issue. On October 2, 1995, the trial court denied the petition based on the doctrine of res judicata. Appellees appealed to the Superior Court. The Superior Court agreed with the trial court that the petition should be denied based on res judicata, but nevertheless reviewed the

merits of the Rule 3146 argument and vacated the trial court's order on equitable grounds.

The doctrine of res judicata is well-established:

> Res judicata, or claim preclusion, is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.

*Balent v. City of Wilkes–Barre*, 542 Pa. 555, 563, 669 A.2d 309, 313 (1995)(citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). " 'The purposes of the rule are the protection of the litigant from the dual burden of relitigating an issue with the same party or his privy and the promotion of judicial economy through prevention of needless litigation.' " *Foster v. The Mutual Fire, Marine and Inland Insurance Company*, 544 Pa. 387, 404, 676 A.2d 652, 661 (1996)(quoting *Clark v. Troutman*, 509 Pa. 336, 340, 502 A.2d 137, 139 (1985)).

In their first attack on appellant's judgments in September of 1983, appellees raised the issue of the trial court's failure to conduct an assessment of damages hearing pursuant to Rule 3146. Their petitions to strike were denied, and the trial court ordered appellees to take discovery on their petitions to open. Appellees did not pursue any appellate remedies regarding the petitions to strike and abandoned their petitions to open. At that point, the order of the trial court denying the petitions to strike became a final judgment on the merits by a court of competent jurisdiction on their petitions to strike and, therefore, on the Rule 3146 issue.

Since 1983, appellees have attempted, through three different petitions, to open or strike the judgments arguing the same Rule 3146 issue. On this third and final attempt, the Superior Court found that the interests of justice outweighed

the appropriateness of the application of the doctrine of res judicata and reversed the trial court's denial of the petition.

These serial efforts by appellees to open or strike the judgments against them are precisely the type of behavior that the doctrine of res judicata is designed to prevent. In 1983, a final and valid judgment was entered against appellees, and the doctrine of res judicata applies to appellees' subsequent filings seeking to relitigate the identical issue. The interests of justice do not require that appellees be permitted yet another opportunity to present their challenge to the court; rather, the interests of justice mandate that this litigation be ended and that appellant finally obtain the relief it was granted sixteen years ago. To rule otherwise would strip the doctrine of res judicata of any meaning.

Accordingly, the order of the Superior Court is reversed, and the order of the trial court is reinstated.

SAYLOR, J., did not participate in the consideration or decision of this case.