IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas P. Gannon and Daniel King :
:
v. : No. 1334 C.D. 2019
: No. 1335 C.D. 2019
Riverwatch Condominium Owners : Submitted: May 22, 2020
Association :
:
Appeal of: Thomas P. Gannon :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: October 30, 2020

Thomas Gannon, *pro se*, appeals an August 20, 2019, order of the Court of Common Pleas of Delaware County (trial court) overruling his preliminary objections and granting the petition for contempt filed by the Riverwatch Condominium Owners Association (Riverwatch).[1]  Gannon asserts the 2019 order is invalid because the trial court lacked jurisdiction over the underlying case, which was Riverwatch's appeal of an arbitration award of October 23, 2008.

In response, Riverwatch has filed a motion to quash, asserting that Gannon has not raised any issues to this Court that relate to the contempt petition. Instead, Gannon challenges the trial court's jurisdiction to hear Riverwatch's appeal

---

[1] Gannon's appeals at 1334 and 1335 C.D. 2019 involve the same 2019 order of the trial court. However, in 1335 C.D. 2019, Gannon claims to be appealing the portion of the trial court's 2019 order that denied his petition to vacate and strike its June 21, 2008, order. The docket entries attached to the appeal do not reference a June 21, 2008, order. There is a June 21, 2010, order entering judgment in favor of Riverwatch. Because the case was not appealed to the trial court until October 23, 2008, the trial court could not have issued an order in June 2008.

of the arbitration, as he has done before in numerous appeals to various courts.[2] Riverwatch has also filed a motion for counsel fees, charging Gannon with vexatious, obdurate and bad faith conduct in attempting to re-litigate the merits of its 2008 appeal of an arbitration award.

By way of background, in 2008, Daniel King, represented by Gannon, initiated legal action against Riverwatch seeking reimbursement for his costs to replace a defective horizontal steel beam in the roof of the garage of his condominium unit. An arbitrator awarded King the sum of $3,577.93, which he had spent to repair the beam. Riverwatch appealed to the trial court, which held a bench trial on June 3, 2010. On June 21, 2010, the trial court entered a verdict and judgment in favor of Riverwatch and against King in the amount of $8,500.17 for Riverwatch's attorney fees.

Gannon requested reconsideration and permission to file post-trial motions *nunc pro tunc*. Both requests were denied by the trial court and were appealed to this Court. In *King v. Riverwatch Condominium Owners Association* (Pa. Cmwlth., No. 2457 C.D. 2010, filed July 21, 2011), this Court rejected King's appeals and remanded to the trial court for an assessment of attorney fees against King.

The trial court did not hold the remand hearing until 2014 because Gannon continued to file appeals; he filed four appeals to this Court and two to the Pennsylvania Supreme Court. In 2012, Gannon first raised the contention that

---

[2] Gannon's Pennsylvania Attorney's License was suspended in 2018 because of his conduct in this case, *i.e.*, he was found to have filed 48 appeals in state and federal courts regarding the very issues he is attempting to again raise before this Court. *See Office of Disciplinary Counsel v. Gannon* (Pa. Disciplinary Board, No. 123 DB 2017, filed December 21, 2018). A copy of the Disciplinary Board's report and recommendation may be found in the Supplemental Reproduced Record at 2b-47b (S.R.R. __).

because the trial court did not have jurisdiction over Riverwatch's appeal of the arbitration award, its June 21, 2010, verdict was invalid. All of Gannon's appeals have been denied.

On February 21, 2014, the trial court awarded Riverwatch $30,171.54 in attorney fees for the period between June 22, 2010, and February 21, 2014. On March 5, 2014, the trial court denied King's request for judgment notwithstanding the verdict. Both orders were appealed to this Court, which affirmed the trial court.

In a number of other appeals to this Court and the Supreme Court, Gannon continued to challenge the trial court's jurisdiction to hear the Riverwatch appeal, enter a verdict and award costs. These appeals in 2015 and 2016 led to the award of additional attorney fees and fines for frivolous filings, which totaled approximately $20,000. S.R.R. 81b.

Relevant to this appeal is this Court's order in *King v. Riverwatch Condominium Owners Association* (Pa. Cmwlth., No. 878 C.D. 2016, filed June 20, 2016). There, Gannon again challenged the trial court's 2010 verdict for lack of jurisdiction. We explained that this was Gannon's 28th unsuccessful appeal challenging the trial court's 2010 verdict and award of costs for lack of jurisdiction. Gannon was advised that his appeals were frivolous and "[i]n the future the Court will dismiss administratively any such filings of record." Order, 6/20/2016, at 2. Riverwatch was instructed to file a bill of costs.

Gannon filed for reconsideration. On July 28, 2016, this Court denied reconsideration and awarded Riverwatch $1,375 on its bill of costs, which was assessed jointly and severally against King and Gannon.

Gannon continued to file appeals. On June 1, 2017, the Pennsylvania Supreme Court issued an order that it would not entertain any filing from Gannon or

3

King regarding the Riverwatch matter and directed its prothonotary to reject such filings. *Petition of King and Gannon* (Pa., No. 2 MM 2017, filed June 1, 2017). Gannon then began filing appeals in federal court.

The Disciplinary Board of the Supreme Court of Pennsylvania found that from 2008 to 2018, Gannon filed at least 48 appeals to state and federal courts relating to the Riverwatch matter. In 2017, Gannon entered a stipulation before the trial court agreeing to pay approximately $20,000 in counsel fees and fines awarded to Riverwatch from 2015 to 2016. The Disciplinary Board noted that Gannon was not making timely payments under the agreement. Based on these findings of the Disciplinary Board, the Supreme Court suspended Gannon's license to practice law for two years, effective December 21, 2018.

Relevant to the matter *sub judice*, on April 2, 2019, Riverwatch filed a contempt petition against Gannon after he failed to attend a court-ordered deposition on April 2, 2019. Riverwatch asked the trial court to award attorney fees; order Gannon to disclose specified financial documents; and require his attendance at a deposition within ten days.

Gannon filed preliminary objections to the contempt petition and the trial court held a hearing. Gannon did not dispute that he received notice of the deposition and failed to appear. Instead, he argued that the trial court lacked jurisdiction over the contempt petition because it lacked jurisdiction over the entire case. He argued that because the trial court's 2010 verdict against King was void, Riverwatch's contempt petition was also void. In other words, Gannon contended that Riverwatch is pursuing enforcement of an invalid judgment.

On November 12, 2019, the trial court overruled and dismissed Gannon's preliminary objections, dismissed the eight responsive motions filed by

4

Gannon regarding the contempt petition, and granted the contempt petition. The trial court noted that Gannon's jurisdictional issue had been adjudicated and was beyond challenge. The trial court also awarded Riverwatch $2,500 in attorney fees.

Gannon now appeals to this Court, raising a plethora of claims.[3] He argues that (1) the arbitration board did not enter a final order; (2) the trial court was not authorized to accept an appeal from the 2008 arbitration award; (3) the trial court was not authorized to enter its 2010 verdict in favor of Riverwatch; (4) the trial court was not authorized to enter its 2010 order regarding post-trial motions; (5) the trial court's ruling on the post-trial motions was untimely; (6) this Court was not authorized to render a decision on the trial court's 2010 verdict, because the trial court lacked jurisdiction to render the verdict; (7) the trial court lacked subject matter jurisdiction to issue its 2014 order awarding attorney fees and fines; (8) the trial court lacked subject matter jurisdiction to rule on the post-trial motions; (9) the trial court lacked authorization to address post-trial motions in its 2014 order; and (10) the issue of subject matter jurisdiction can never be waived.

Additionally, while Gannon's appeal was pending before this Court, he filed two applications for relief on May 12, 2020, and May 21, 2020, and motions for rules to show cause why a peremptory writ of mandamus should not issue upon the trial court requiring dismissal of (1) its July 28, 2010, order and (2) Riverwatch's October 23, 2008, appeal of the arbitration award.[4] This Court issued two rules to show cause and the trial court filed two answers. In both answers, the trial court

---

[3] "When reviewing an appeal from a contempt order, this Court's scope of review is to determine whether the trial court abused its discretion or committed an error of law." *Waggle v. Woodland Hills Association, Inc.*, 213 A.3d 397, 402 n.5 (Pa. Cmwlth. 2019) (quotation omitted).

[4] Gannon filed an additional application for relief on June 3, 2020, which this Court dismissed on June 10, 2020, as duplicative of the relief sought in a prior application for relief. On July 10, 2020, Gannon filed a notice of appeal to the Supreme Court from our June 10, 2020, order.

stated that the sole issue on appeal is the 2019 order on the contempt petition. The issues Gannon raised are not properly before this Court because they have been previously litigated and denied on appeal on 48 occasions.

As noted above, Riverwatch has filed a motion to quash Gannon's appeal. Riverwatch asserts that Gannon has not appealed any issues relevant to the merits of the contempt petition or to the trial court's order that he attend a deposition, provide financial documents and pay additional attorney fees. Instead, Gannon continues to challenge the trial court's 2010 verdict on Riverwatch's appeal of an arbitration award and the trial court's 2014 order assessing attorney fees and costs. These challenges have also been raised in Gannon's 48 unsuccessful appeals, and they have been adjudicated. Simply, they are beyond this Court's jurisdiction by reason of the doctrine of *res judicata*. Moreover, this Court has specifically prohibited Gannon from attempting to relitigate these issues. *See King v. Riverwatch Condominium Owners Association* (Pa. Cmwlth., No. 878 C.D. 2016, filed June 20, 2016).

The doctrine of *res judicata,* or claim preclusion, bars an action that is grounded, in whole or in part, upon a claim which was the subject of a prior adjudication by a court of competent jurisdiction. *R/S Financial Corp. v. Kovalchick*, 716 A.2d 1228, 1230 (Pa. 1998). Therefore, if a court renders a final judgment on the merits, *res judicata* will preclude any future suit between the parties on the same cause of action, or on any claim that could have been litigated during the first proceeding. *Id. See also Callowhill Center Associates, LLC v. Zoning Board of Adjustment*, 2 A.3d 802, 809 (Pa. Cmwlth. 2010).

This application of *res judicata*, as between the present action and a prior action, requires (1) identity of the thing sued upon or for; (2) identity of the

cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties. *Stevenson v. Silverman*, 208 A.2d 786, 787-88 (Pa. 1965); *Swift v. Radnor Township*, 983 A.2d 227, 232 (Pa. Cmwlth. 2009). Generally, a cause of action will be considered identical to a prior action when the subject matter and the ultimate issues are the same in both proceedings. *Id*. It is well-settled that *res judicata* will not be "defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose,— a second trial on the same cause between the same parties." *Stevenson*, 208 A.2d at 788 (quoting *Hochman v. Mortgage Finance Corporation of Pennsylvania,* 137 A. 252, 253 (Pa. 1927)).

In this appeal, Gannon raises issues that were raised in a prior case involving the same parties. Gannon has unsuccessfully challenged the trial court's 2010 verdict and 2014 award of costs on 48 occasions. In every case, he challenges the trial court's jurisdiction to enter the 2010 verdict. Jurisdiction has been decided. Unquestionably, the doctrine of *res judicata* applies to Gannon's appeal to this Court, and we quash the appeal.

Based on our conclusion that the doctrine of *res judicata* applies, we discharge the rules to show cause and deny the applications for relief seeking a peremptory writ of mandamus that Gannon filed on May 12, 2020, and May 21, 2020.

Additionally, we grant Riverwatch's motion for counsel fees. His conduct has resulted in this Court and the Supreme Court entering orders barring Gannon from filing additional appeals challenging the trial court's jurisdiction over the Riverwatch mater. *See King v. Riverwatch Condominium Owners Association* (Pa. Cmwlth., No. 878 C.D. 2016, filed June 20, 2016) (Order), and *Petition of King*

*and Gannon* (Pa., No. 2 MM 2017, filed June 1, 2017). Riverwatch is directed to submit a bill of costs pursuant to 42 Pa. C.S. §2503(7) and (9) (permitting an award of counsel fees for vexatious, obdurate and bad faith conduct).

_____
MARY HANNAH LEAVITT, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas P. Gannon and Daniel King :
:
            v. : No. 1334 C.D. 2019
: No. 1335 C.D. 2019
Riverwatch Condominium Owners :
Association :
:
Appeal of: Thomas P. Gannon :

# **O R D E R**

AND NOW this 30th day of October, 2020, it is ORDERED that the appeal of Thomas Gannon of the August 20, 2019, order of the Court of Common Pleas of Delaware County in the above-captioned matter is QUASHED. The rules to show cause issued by this Court on May 14, 2020, and May 27, 2020, are DISCHARGED. The applications for relief filed by Gannon on May 12, 2020, and May 21, 2020, are DENIED. The Riverwatch Condominium Owners Association is directed to file a bill of costs in accordance with the attached opinion within 14 days of the date of this order.

_____
MARY HANNAH LEAVITT, President Judge