**[J-72-2020] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| IN RE: APPEAL OF THE COATESVILLE AREA SCHOOL DISTRICT FROM THE DECISION OF THE CHESTER COUNTY BOARD OF ASSESSMENT APPEALS FOR THE PROPERTY LOCATED AT 50 SOUTH FIRST AVENUE, CITY OF COATESVILLE, CHESTER COUNTY, PENNSYLVANIA, PROPERTY TAX PARCEL NO. 16-05-0229.0000 | : No. 7 MAP 2020 <br> : <br> : Appeal from the Order of the <br> : Commonwealth Court at Nos. 1130 <br> : & 1161 CD 2018 dated August 7, <br> : 2019, Dismissing the Order dated <br> : June 30, 2018, exited July 5, 2018, <br> : by the Chester County Court of <br> : Common Pleas, Civil Division, at No. <br> : 2013-10936. <br> : |
| APPEAL OF:  COATESVILLE AREA SCHOOL DISTRICT | : ARGUED:  September 16, 2020 <br> : |


**DISSENTING OPINION**


**JUSTICE WECHT**                                         **DECIDED:  January 20, 2021**

Because I would hold that the Coatesville Area School District ("School District") was estopped from appealing the trial court's assessment decision, I would affirm the Commonwealth Court's decision.  Therefore, I respectfully dissent.

The School District and the City of Coatesville ("City") both appealed a decision of the Chester County Board of Assessment that the subject property, owned by Huston Properties, Inc. ("Taxpayer"), was entitled to a partial exemption as portions of the property were used for charitable purposes.  The two appeals were consolidated for trial only.  The trial court affirmed the partial exemption in two separate orders.  Both the School District and the City appealed to the Commonwealth Court, which reversed and remanded to the trial court for additional findings.  The trial court complied with the remand order and re-affirmed its earlier decision on the partial exemption.  At this point, the paths of the School District and the City diverged.  While the School District filed a notice of

appeal in its case, the City elected not to appeal. Thus, the trial court's order in the City's case became final. *See* Pa.R.A.P. 903(a); *see also U.S. Nat. Bank in Johnstown v. Johnson*, 487 A.2d 809, 813-14 (Pa. 1985). Because of the finality of that order, the Taxpayer sought to quash the School District's appeal in the Commonwealth Court. The Commonwealth Court agreed with the Taxpayer that the failure to appeal the order in the City's case precluded the School District from appealing.

The Majority ably explains the elements of both the *res judicata* and collateral estoppel doctrines. Further, the Majority does not contend that those elements are not satisfied here, although it notes that "it is not entirely clear whether the third element [of r*es judicata*], the identity of the parties to the two actions, is satisfied." Maj. Op. at 7. However, the Majority concludes that neither doctrine was intended to apply in this type of situation. Because applying one or both of the doctrines here does not "shield a party or the courts from repetitive or abusive litigation," *id.* at 9, the Majority concludes that invoking the doctrines to keep the School District from obtaining a merits review of its case is unwarranted.

I agree with the Majority that the Commonwealth Court's application of *res judicata* and collateral estoppel here is unusual and appears to be novel. However, the elements of the doctrines are met and the School District could have prevented the Commonwealth Court's rejection of its discrete appeal simply by exercising the right, pursuant to 53 Pa.C.S. § 8855 of the Consolidated County Assessment Law, to appeal the order in the City's case.[1] Because the elements have been met and the School District failed to appeal as was its right, I would affirm the Commonwealth Court's decision.

_____

[1] Understandably, the Majority focuses on application of the doctrines, hewing closely to the question upon which review was granted: "Whether the Commonwealth Court erred in applying the doctrines of Technical *Res Judicata* and Collateral Estoppel when dismissing Petitioner's appeal because a companion case, subject to similar decision and order issued by the trial court, was not appealed?" However, review of this

To the extent that applying these doctrines precludes the School District from appealing on the merits, the School District had the means to prevent application of the doctrines at its disposal and chose not to exercise that right.

Section 8855, entitled "Appeals by taxing districts," states:

> A taxing district[2] shall have the right to appeal any assessment within its jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment, and, in addition, may take an appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before the board or court even though it was not a party in fact. A taxing district authority may intervene in any appeal by a taxable person under section 8854 (relating to appeals to court) as a matter of right.

53 Pa.C.S. § 8855. This provision gave the School District the right to file an appeal in the City's case even if the School District was not granted intervention or was not a party to the City's litigation. The presumed intent of this provision was to ensure that an aggrieved taxing district would not be bound by an unfavorable assessment decision in a case initiated by a different taxing district. Here, the School District could have filed an appeal in the City's case along with its own appeal, which would have prevented the order in the City's case from becoming final. The School District chose not to avail itself of this right. It should be bound by the consequences of that decision.

Because the School District failed to appeal, I would then apply *res judicata* and collateral estoppel. Pursuant to the doctrine of *res judicata*, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *R/S Fin. Corp. v. Kovalchick*, 716 A.2d 1228, 1230 (Pa. 1998) (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313

---

statute is not out of bounds as it was relied upon by the Commonwealth Court and both parties address it in their briefs.

2    A taxing district is defined as "[a] county, city, borough, incorporated town, township, school district or county institution district." 53 Pa.C.S. § 8802.

(Pa. 1995)). The doctrine applies when four identifies are established: "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *In re Iulo*, 766 A.2d 335, 337 (Pa. 2001). Here, there is no question that there is an identity of the issues, an identity of causes of action, and an identity of the quality or capacity of the parties suing or being sued. The litigation involved whether Taxpayer was entitled to a partial exemption of its property taxes, a determination which local taxing authorities challenged.

The only question is whether there is an identity of the persons or parties to the action. The School District and the City are separate parties, but this Court has held that minor differences in the parties will not defeat application of the doctrine. "The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Callery v. Mun. Auth. of Blythe Twp.*, 243 A.2d 385, 387 (Pa. 1968). When the same witnesses would be called and the same evidence adduced and the controlling issue has been decided on the merits, *res judicata* should apply. *See Helmig v. Rockwell Mfg. Co.*, 131 A.2d 622, 626-27 (Pa. 1957). Here, the case was consolidated for trial, the School District actually did appear and assert its rights, the same evidence was adduced, and the court decided the controlling issue on the merits. Thus, all of the *res judicata* requirements were present.

The Majority also questions whether the order in the City's case was a prior judgment. Maj. Op. at 9 (citing *In re R.L.L.'s Estate*, 409 A.2d 321, 323-24 (Pa. 1979), for the proposition that a final judgment is a prerequisite to the application of *res judicata*). The order entered in the City's case disposed of all of the claims in that case. It was, therefore, a final order that was not appealed. When neither the City nor the School District appealed in that matter, the judgment became final.

Turning to collateral estoppel, the doctrine applies to prevent the re-litigation of an issue. Four factors must be met for the doctrine to apply. They are:

> (1) An issue decided in a prior action is identical to the one presented in a later action;
> (2) The prior action resulted in a final judgment on the merits;
> (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and
> (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998).

As with *res judicata*, all of these factors are present. The issue here is identical to that in the City's case and the City's case resulted in a final judgment on the merits when it was not appealed. Since the cases were consolidated for trial, the School District had a full and fair opportunity to litigate the issue. By virtue of the consolidation for trial, the School District was essentially a party in the City's case. Even without the trial court's consolidating the cases fully or permitting the School District to intervene in the City's case, this prong was met. This Court has held that "[a]n individual is in privity with a party where his relationship to the property in question is 'mutual or successive.'" *Flinn's Estate*, 388 A.2d 672, 677 (Pa. 1978) (quoting *Cent. Pa. Lumber Co. v. Carter*, 35 A.2d 282, 283 (Pa. 1944)). Here, the City and the School District have a mutual relationship to the property as they share the same interest in its assessment.

The requirements for both *res judicata* and collateral estoppel were met here. As the Majority notes, and as I agree, the application of the doctrines was unusual in these circumstances. However, the Court has before it a final order and a subsequent appeal that seeks to undo that final order. While the Majority would not invoke the doctrines because it does not believe their use would advance the purpose for which they were created, I believe that principled application of the doctrines requires that we invoke them here.

Section 8855 gives the School District the right to file an appeal "as if it had been a party." It does not require the School District to advocate for the City nor does it require the School District to seek the City's permission or approval to appeal. The School District was authorized to appeal the order in the City's case. It did not do so, and the order became final. It now seeks to undo that final order in an appeal in a different case. By virtue of the statute, the School District was in the unique position to prevent this result, but it chose not to act. I would find that it is bound by the doctrines of *res judicata* and collateral estoppel, and I would affirm the Commonwealth Court's decision.