J-A20029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RITTENHOUSE PLAZA, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOAN LICHTMAN | : | |
| | : | |
| Appellant | : | No. 1807 EDA 2021 |

Appeal from the Order Entered August 4, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: 071003964

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 28, 2023**

Appellant Joan Lichtman *pro se* appeals from the August 4, 2021 order of the Court of Common Pleas of Philadelphia County, which denied her petition to strike judgment.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, this appeal stems from a landlord-tenant action between Appellant and Appellee Rittenhouse Plaza, Inc. ("Rittenhouse"), the operator of a housing cooperative under which individual proprietary tenants occupy apartment units under proprietary leases between the tenants and Rittenhouse.  From 1992 to 2007, Appellant resided in Unit 8C of Rittenhouse Plaza, located at 1901 Walnut Street in Philadelphia (the "Property").

---

[*] Retired Senior Judge assigned to the Superior Court.

On September 26, 2007, Rittenhouse filed a landlord-tenant action against Appellant in Philadelphia Municipal Court, seeking past due rent and possession of the Property. On October 19, 2007, the court entered judgment in favor of Rittenhouse for money damages and possession. Appellant appealed *de novo* to the trial court, which eventually, on May 9, 2008, also found in favor of Rittenhouse in the amount of $47,081.19 and awarded Rittenhouse possession of the Property. Appellant's appeals to this Court were unsuccessful and she was evicted from the Property on June 16, 2008.[1]

On January 28, 2010, Appellant filed an emergency motion to stay the sheriff's sale, which was denied the same day. On February 2, 2010, Appellant's cooperative interest in the Property was sold following active bidding. On April 6, 2010, the sheriff's deed was recorded. On May 28, 2010, the trial court denied Appellant's motion to set aside the sale and this Court affirmed the order on March 11, 2011.

Appellant *pro se* filed several petitions to strike the May 9, 2008 judgment, all of which were denied.[2] On July 18, 2021, Appellant filed yet

---

[1] This Court dismissed Appellant's appeal from the May 9, 2008 judgment because Appellant failed to file post-trial motions.

[2] Since 2011, Appellant has filed over twenty-five lawsuits litigating her grievances against various organizations and public officials in connection with the underlying landlord-tenant dispute. ***See***, ***e.g.***, ***Rittenhouse Plaza, Inc. v. Lichtman***, No. 745 EDA 2007, unpublished memorandum (Pa. Super. filed Aug. 22, 2007); ***Rittenhouse Plaza, Inc. v. Lichtman***, 26 A.3d 1187 (Pa. Super. 2011) (unpublished memorandum), ***appeal denied***, 32 A.3d 1278 (Pa. 2011); ***Lichtman v. Chubb Group of Ins. Companies, et al.***, 107 A.3d 218 (Pa. Super. 2014) (unpublished memorandum); ***Lichtman v. Glazer***,
*(Footnote Continued Next Page)*

another petition—her fifth—to strike the judgment.[3]  The trial court denied the petition on August 4, 2021.  Appellant *pro se* timely appealed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents seven issues for our review, reproduced verbatim below.

> [I.] Did the trial judge err or abuse discretion in this Landlord-Tenant matter, when failing to get the correct set of facts; failing to inform himself of Philadelphia's law governing evictions, i.e., specifically *Philadelphia Code*, Chapter 9-1600, entitled *Prohibition against Unlawful Eviction Practices*; and failing to read Defendant's pleadings and submitted paperwork, thereby, rendering his premises to be incorrect and his conclusions not supported by law nor the evidence?

---

111 A.3d 1225 (Cmwlth. 2015) rehearing *en banc* denied, **appeal denied**, 125 A.3d 779 (Pa. 2015); **Lichtman v. Prudential Fox Roach**, 107 A.3d 228 (Pa. Super. 2014) (unpublished memorandum); **Lichtman v. the Honorable Arnold New**, No. 549 C.D. 2015, unpublished memorandum (Cmwlth. filed August 27, 2015); **Lichtman v. Bomstein**, 134 A.3d 496 (Pa. Super. 2015), **appeal denied**, 141 A.3d 651 (Pa. 2016); **Lichtman v. R. Seth Williams and Kathleen Martin**, No. 1435 C.D. 2017, unpublished memorandum (Cmwlth. filed May 8, 2018); **Lichtman v. Kelley Hodge, John Delaney, R. Seth Williams, Kathleen Martin**, No. 1563 C.D. 2017, unpublished memorandum (Cmwlth. filed Sept. 13, 2018); **Lichtman v. Bradley K. Moss and Sheila Woods-Skipper**, No. 365 EDA 2019, unpublished memorandum (Pa. Super. filed Nov. 7, 2019); **Lichtman v. Krasner**, No. 352 C.D. 2018, unpublished memorandum (Cmwlth. filed April 18, 2019); **Lichtman v. Eric Feder, Deputy Court Administrator, Office of Judicial Records of Philadelphia County**, No. 2551 EDA 2019, unpublished memorandum (Pa. Super. filed March 2, 2020); **Lichtman v. [Nine Judges of the Philadelphia Court of Common Pleas]**, No. 1457 EDA 2019, unpublished memorandum (Pa. Super. filed March 25, 2020).

[3] Although Appellant titled the instant petition as a "Motion for Extraordinary Relief", in substance she sought to strike the May 9, 2008 judgment for money damages and possession.  Thus, like the trial court, we treat the motion as a petition to strike judgment.

[II.] Did the trial judge err or abuse discretion, when wrongly concluding that Defendant's *unopposed* motion for extraordinary relief, which sought enforcement of Philadelphia Code, Ch. 9-1600, entitled *Prohibition against Unlawful Eviction Practices*, was, instead, an untimely petition to open a judgment, and, therefore, barred by the coordinate jurisdiction rule and doctrine of *res judicata*?

[III.] Did the trial court err or abuse discretion when failing to acknowledge and to give due judicial consideration to the reality that Defendant's motion was *unopposed*?

[IV.] Did the trial judge err or abuse discretion and/or violate the *Canons of Judicial Conduct*, nos. 1 and 2, when the Court acted on bias and prejudice, especially against *pro se*'s; failed to carefully read and consider Defendants' pleadings; failed to examine supplied and/or available evidence; and/or when the judge incorrectly applied a convenient legal standard as a contrived excuse to deny Defendant's guaranteed, constitutional rights to due process and a full, fair hearing?

[V.] Did the trial judge err or abuse discretion, while refusing his mandatory, *nondiscretionary* **duty**—*under the Court's own motion*—to strike the May 9, 2008 judgment for possession and money, due to its being void, as a matter of law?

[VI.] Did the trial judge commit a crime(s), when denying Defendant's Motion for Extraordinary Relief, and/or while improperly refusing to sign the mandatory Order to Strike the *void* May 9, 2008 judgment, and thereby, the trial judge erred in declining to demand the judiciary's, public servants', landlords' and private attorneys' compliance with, and obedience to, *Philadelphia Code*, Ch. 9-1600?

[VII.] Are the trial judge and/or any other person(s), including public officials or private citizens, subject to prosecution, discipline, and/or sanctions for failing to comply with the *Rules of Professional Conduct*, especially nos. 8.3 and 8.4; failing to obey/enforce *Philadelphia Code*, Ch. 9-1600; and/or for conspiring with fellow members of the Bar in their engineered demand for Defendant's permanent Silence, i.e., as in Defendant's untimely Death?

Appellant's Brief at 2-3 (emphasis in original) (sic).[4]

Here, upon review of the entire record, Appellant's petition to strike the May 9, 2008 judgment must be dismissed under the law of the case doctrine. *See Ario v. Reliance Ins. Co.*, 980 A.2d 588, 597 (Pa. 2009) (explaining that "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter"). This Court previously dismissed an appeal from the denial of petition to strike the May 9, 2008 judgment that was based on the same allegations that Appellant makes in the instant—her fifth—petition: that the 2008 judgment allegedly was secured through perjury and corruption. *Rittenhouse v. Lichtman*, No. 2538 EDA 2009 (Pa. Super. Order filed November 30, 2009). Accordingly, the trial court did not err in dismissing Appellant's latest petition to strike. *See Plasticert, Inc. v.*

---

[4] Even though Appellant's brief complies with most of the structural appellate rules of court, it lacks substantive compliance. Her argument section is replete with irrelevant assertions, accusations, personal opinions and legal conclusions. Appellant's legal arguments are wholly undeveloped, contain few meaningful citations to authorities, and make a tepid attempt to apply any authority to the facts of the present case. *See* Pa.R.A.P. 2117(a)(4), 2119(b). Essentially, the argument section of Lichtman's brief consists of a forty-nine-page diatribe, alleging perjury, official corruption and administrative ineptness. While this Court is willing to liberally construe materials filed by a *pro se* litigant, an appellant is not entitled to any particular advantage because she lacks legal training. "[A]ny layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006) (citation omitted).

***Westfield Ins. Co.****,* 923 A.2d 489, 492 (Pa. Super. 2007) ("[W]e may affirm the trial court's order on any valid basis.").

Furthermore, as the trial court observed, the coordinate jurisdiction rule also would prevent Appellant from obtaining relief. As noted, and is apparent from the face of the record, Appellant's instant attempt to strike the judgment entered against her in the 2008 landlord-tenant dispute against Rittenhouse is indistinguishable from her first four unsuccessful attempts.

In ***Zane v. Friends Hospital***, 836 A.2d 25 (Pa. 2003), our Supreme Court explained that the "coordinate jurisdiction rule," provides that judges of coordinate jurisdiction should not overrule each other's decisions. ***Zane***, 836 A.2d at 39. The rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." ***Starr***, 664 A.2d at 1331. Consistent with the law of the case doctrine generally, it "serves to protect the expectations of the parties, to ensure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation." ***Id***. The "prohibition against revisiting the prior holding of a judge of coordinate jurisdiction, however, is not absolute." ***Id***. We recognize that a departure from the rule is warranted in "exceptional circumstances" where there has been a change in controlling law, a substantial change in the facts or evidence, or where "the prior holding was ***clearly erroneous*** and would create a manifest injustice if followed." ***Id***. (emphasis added). Our Supreme Court explained the clearly erroneous exception as follows.

- 6 -

> To accede to a coordinate judge's order that is clearly erroneous would be not only to permit an inequity to work on the party subject to the order, but would allow an action to proceed in the face of almost certain reversal on appellate review. Moreover, the requirement that the prior holding also create a manifest injustice serves as a significant curb on the exception so that it would apply to only those situations in which adhering to the prior holding would be, in essence, **plainly intolerable**.

**DiGregorio v. Keystone Health Plan E.**, 840 A.2d 361, 368–69 (Pa. Super.

2003) (*en banc*) (quoting **Zane**, **supra** at 29-30)) (emphasis added).

> As the trial court aptly reasoned:

> Beyond her sensational and unfounded conspiracy allegations, [Appellant] does not contend that there has been a change in controlling law or a substantial change in the facts or evidence. Thus, for [Appellant] to be successful, she had to show that the orders of the prior judges were clearly erroneous and a manifest injustice occurred.

> It is not enough for the prior orders to simply have been erroneous. The standard is the prior ruling had to have been so clearly erroneous that following it would create a manifest injustice. Adherence to a clearly erroneous order in this context "would allow an action to proceed in the face of almost certain reversal on appellate review." **Zane**, 836 A.2d at 29-30. A manifest injustice occurs where adherence to the prior order would be "plainly intolerable." **Id.** As previously noted, [Appellant] does not raise any credible facts that would case any doubt whatsoever on the prior orders and rulings of judges of equal jurisdiction. Thus, this [c]ourt is bound by the prior orders of judges of equal jurisdiction.

Trial Court Opinion, 11/19/21, at 6. We agree with the trial court's reasoning.

Separately, we also agree with the trial court's conclusion that Appellant's

instant petition "raises identical issues she previously raised on several

occasions. As a result, [Appellant's] claims are now barred by the doctrine of

*res judicata*."[5] ***Id.*** (citing **R/S Financial Corp. v. Kovalchick**, 716 A.2d 1228, 1229-30 (Pa. 1998)).

Finally, having disposed of her issues in this appeal, we cannot ignore Appellant's repeated abuse of our judicial system. Under the Rules of Appellate Procedure, we *sua sponte* may impose upon Appellant counsel fees. **See Feingold v. Hendrzak**, 15 A.3d 937, 943 (Pa. Super. 2011) (explaining this Court *sua sponte* may "impose an award of reasonable counsel fees"). In fact, Pa.R.A.P. 2744, relating, *inter alia*, to counsel fees, provides:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> (1) a reasonable counsel fee and
>
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

---

[5] *Res judicata* "holds that a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies." **Khalil v. Travelers Indemnity Company of America**, 273 A.3d 1211, 1223 (Pa. Super. 2022). *Res judicata* "prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication." ***Id.*** Collateral estoppel "operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being re[-]litigated in a subsequent suit." **Vignola v. Vignola**, 39 A.3d 390, 393 (Pa. Super. 2012).

Pa.R.A.P. 2744.

As we detailed above, Appellant's conduct leading up to this appeal has been nothing short of obdurate, obstreperous and vexatious. For more than a decade she has filed a plethora of motions, petitions and appeals, as evidenced by the extensive docket of this case. Moreover, this appeal is wholly frivolous, especially considering that Appellant continues to flout a clear admonition issued by a prior panel of this Court. We stated in no uncertain terms that "[Appellant] is prohibited from further IFP filings in the trial court or this Court; she is further precluded from filing future actions that have as their basis the issue of the alleged "***perjured statement***" in Rittenhouse's landlord-tenant complaint." ***Lichtman v. Williams***, No. 3074 EDA 2019, 237 A.3d 460, 2020 WL 2537195 at *3 (Pa. Super. filed May 19, 2020) (unpublished memorandum) (emphasis added). As a result, we now hold that Appellant's continued vexatious conduct before this Court (and the trial court) warrants the awarding of attorney's fees. Accordingly, we deem it appropriate to award Rittenhouse counsel fees to deter Appellant from filing frivolous appeals in the future. We thus remand this matter to the trial court for calculation of reasonable counsel fees.

Appellant must understand that after almost fifteen years, she should accept the finality of the judgment entered against her in 2008 and discontinue her campaign of frivolous challenges.

Order affirmed.  Application denied as moot.[6]  Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023

---

[6] On August 22, 2022, Appellant filed in this Court an "Application [for] Reconsideration of Order", asserting that her request to participate remotely at oral argument was legitimate and should have been granted.  In light of the disposition of this appeal, and the fact that oral arguments already have occurred, we deny the application as moot.