# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harburg Medical Sales Company,      :
               Petitioner         :
                            :
        v.                 :
                            :
State Workers' Insurance Fund     :
(Bureau of Workers' Compensation    :
Fee Review Hearing Office),        :    No. 608 C.D. 2022
               Respondent    :    Submitted: February 10, 2023


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED: May 23, 2023

Harburg Medical Sales Company (Harburg) petitions this Court for review of the Bureau of Workers' Compensation, Fee Review Hearing Office's (Bureau) June 1, 2022 order granting the State Workers' Insurance Fund's (SWIF) Motion to Dismiss (Motion to Dismiss) Harburg's applications for fee review (Applications), and dismissing claim numbers 613922, 615429, 616085, and 617776. Harburg presents one issue for this Court's review: whether the Bureau erred by granting SWIF's Motion to Dismiss. After review, this Court affirms.

On June 25, 2002, Leroy Harrison (Harrison) was injured in the course and scope of his employment with Optimal Energy Inc. Harburg filed the Applications to determine the appropriateness of payments SWIF made for durable medical equipment supplies it provided to Harrison, specifically, for its bills generated for the following service dates: March 13 and 23, April 20, May 20, and

June 21, 2021.  Medical Fee Hearing Officer Derrick Coker (Hearing Officer Coker) held hearings on September 16, 2021, and April 11 and May 12, 2022.  On September 16, 2021, SWIF orally made the Motion to Dismiss relying on *Harburg Medical Sales Co. v. PMA Management Corp.* (Pa. Cmwlth. No. 635 C.D. 2020, filed Aug. 30, 2021), *appeal denied*, 275 A.3d 963 (Pa. 2022), wherein this Court held that Harburg was not a health care provider within the meaning of Section 109 of the Workers' Compensation Act (Act),[1] and, therefore, lacked standing to invoke the Bureau's fee review process.

On May 12, 2022, the parties jointly offered, and Hearing Officer Coker admitted, into evidence: Medical Fee Hearing Officer David Torrey's (Hearing Officer Torrey) June 15, 2020 decision (ruling that Harburg "failed to meet the burden of proof required to demonstrate that it is a health care provider under the Act"), Reproduced Record (R.R.) at 16a; this Court's Unreported Memorandum Opinion, *Harburg Medical Sales Co.*; and the Pennsylvania Supreme Court's March 31, 2022 Order (denying Harburg's appeal in *Harburg Medical Sales Co.*).  R.R. at 29a.  On June 1, 2022, the Bureau granted SWIF's Motion to Dismiss and dismissed

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of July 2, 1993, P.L. 190, 77 P.S. § 29.  Section 109 of the Act, defines a "health care provider" as:

> [A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physicians, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employee or agent of such person acting in the course and scope of employment or agency related to health care services.

77 P.S. § 29.

claim numbers 613922, 615429, 616085 and 617776. Harburg appealed to this Court.[2]

Harburg argues that Hearing Officer Coker erred by granting the Motion to Dismiss because SWIF did not offer any evidence that Harburg was not a provider under the Act or the Board's Regulations. Harburg contends that *Harburg Medical Sales Co.* dealt with service dates and circumstances which existed prior to 2019, and SWIF offered no evidence that Harburg was not a provider as defined in the Act or the Board's Regulations on the dates when the services in question were provided.[3] SWIF rejoins that the Applications were properly dismissed pursuant to Hearing Officer Torrey's June 15, 2020 decision determining that Harburg was not a health care provider under the Act, which this Court affirmed. *See Harburg Med. Sales Co.*

Because the issue of whether Harburg is a health care provider under the Act has been previously litigated and decided by this Court, *see Harburg Medical Sales Co.*, this Court must determine whether *res judicata* or collateral estoppel applies herein in order to determine whether the Bureau erred in granting SWIF's Motion to Dismiss.

---

[2] This Court's scope of review of a decision by the [Bureau] determines whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether the hearing officer committed an error of law. 2 Pa.C.S. § 704; *Walsh v. Bureau of Workers' Comp*[.] *Fee Rev*[.] *Off*[.] *(Traveler's Ins*[.] *Co.)*, 67 A.3d 117, 120 n.5 (Pa. Cmwlth. 2013). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*.

*Armour Pharmacy v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Wegman's Food Mkts., Inc.)*, 206 A.3d 660, 664 n.2 (Pa. Cmwlth. 2019).

[3] Harburg does not proffer any reason or evidence that the service dates at issue would change the analysis of whether Harburg is a health care provider. Its only claim is that, because the dates of service are different, SWIF should be required to prove that it is not a health care provider under the Act.

3

*Res judicata* - literally, a thing adjudicated - is a judicially[ ]created doctrine. *See Est*[.] *of Bell*, . . . 343 A.2d 679, 681 ([Pa.] 1975). It bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action. *See R/S Fin*[.] *Corp. v. Kovalchick*, . . . 716 A.2d 1228, 1230 ([Pa.] 1998); *Balent v. City of Wilkes-Barre*, . . . 669 A.2d 309, 313 ([Pa.] 1995). Th[e Pennsylvania Supreme] Court has explained that

> [*r*]*es judicata*, or claim preclusion, prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. The doctrine of *res judicata* developed to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with an original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed.

*Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*, . . . 902 A.2d 366, 376 ([Pa.] 2006) (citation omitted); *see also R/S Fin*[.], . . . 716 A.2d at 1230 ("The purposes of the rule are the protection of the litigant from the dual burden of relitigating an issue with the same party or his privy and the promotion of judicial economy through prevention of needless litigation." (quoting *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, . . . 676 A.2d 652, 661 ([Pa.] 1996))).

Four elements common to both actions, sometimes termed the "four identities," *see, e.g.*, *Est*[.] *of Tower*, . . . 343 A.2d 671, 674 ([Pa.] 1975), must be present for *res judicata* to apply: "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *In re Iulo*, . . . 766 A.2d 335, 337 ([Pa.] 2001) (citing *Safeguard Mut. Ins. Co. v. Williams*, . . . 345 A.2d 664, 668 ([Pa.] 1975)).

*In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 378-79 (Pa. 2021).

Collateral estoppel is similar in that it bars re-litigation of an issue that was decided in a prior action, although it does

not require that the claim as such be the same. For example, if, in a breach of contract action, the defendant asserts that the contract is invalid because of fraud, but the contract is ruled valid and the defendant is found liable, in a future lawsuit against the same party alleging a separate breach of the same contract the defendant is precluded from asserting the invalidity of the contract based on fraud. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27, cmt. a, illus. 2 ([Am. Law Inst.] 1982).

Collateral estoppel will only apply where: the issue is the same as in the prior litigation; the prior action resulted in a final judgment on the merits; the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action. *See Rue v. K-Mart Corp.*, . . . 713 A.2d 82, 84 ([Pa.] 1998). In some renditions, courts add a fifth element, namely, that resolution of the issue in the prior proceeding was essential to the judgment. *See, e.g., Off*[.] *of Disciplinary Couns*[.] *v. Kiesewetter*, . . . 889 A.2d 47, 50-51 ([Pa.] 2005).

Collateral estoppel is premised on practical considerations that overlap substantially with those of *res judicata*. These include avoiding the "cost and vexation" of repetitive litigation, conserving judicial resources, "and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication." *Id*. . . . at 51.

*Coatesville*, 244 A.3d at 379 (italics added).

Here, *res judicata* cannot apply because SWIF was not a party to the prior action. However, all five collateral estoppel elements are met: (1) the issue in both actions was whether Harburg is a health care provider under the Act; (2) the prior action resulted in a final judgment on the merits; (3) Harburg was a party to the prior action; (4) Harburg had a full and fair opportunity to litigate the issue; and (5) the resolution of the issue was essential to the judgment in the prior action. Because collateral estoppel applies, re-litigation of whether Harburg is a health care provider

under the Act is barred.  Accordingly, the Bureau properly granted SWIF's Motion to Dismiss.

For all of the above reasons, the Bureau's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harburg Medical Sales Company,    :
               Petitioner    :
                           :
           v.                 :
                           :
State Workers' Insurance Fund    :
(Bureau of Workers' Compensation  :
Fee Review Hearing Office),      :    No. 608 C.D. 2022
               Respondent   :

## O R D E R

AND NOW, this 23rd day of May, 2023, the Bureau of Workers' Compensation, Fee Review Hearing Office's June 1, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge