J-A14007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| H. WAYNE MUSSELMAN, CHARLES A. SMITH, JR. AND SHIRLEY M. SMITH, HUSBAND AND WIFE, LYLE R. SMITH AND DAWN S. SMITH, HUSBAND AND WIFE, TYLER J. SMITH AND NATALIE C. SMITH, HUSBAND AND WIFE, AND LANE A. SMITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | No. 1316 WDA 2020 |
| LONNIE M. MCDONALD AND GERALD L. PASTVA | |
| Appellants | |

Appeal from the Order Entered November 17, 2020
In the Court of Common Pleas of Blair County Civil Division at No(s):
2019 GN 64

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:  **FILED: JULY 12, 2021**

Lonnie M. McDonald and Gerald L. Pastva (Appellants), who are neighboring landowners, appeal from the order denying and dismissing their petition seeking a preliminary injunction regarding a roadway known as Seneca Lane.  Appellants alleged that Appellees, who are also neighboring landowners and all but one of whom has the surname Smith (the Smiths), "on or about May 19, 2020 . . . began interfering with [Appellants'] use of [a] prescriptive easement."  Petition for Preliminary Injunction, 8/20/20, at ¶ 6.  Appellants sought a preliminary injunction "ordering [the Smiths] to remove the metal stakes and No Trespassing sign . . . to cease interference with . . .

farming operations, ingress and egress . . . and to cease threatening farmers traversing Seneca Lane and to cease summoning the State Police over [Appellants'] lawful use of the prescriptive easement." **See id.**

Appellants are the defendants/cross-plaintiffs in the underlying action, and the Smiths are the plaintiffs/cross-defendants.[1] The dispute precedes this case. In a prior appeal, we explained:

> This appeal arises from a dispute between [Appellants] and Charles Smith, Jr., Shirley Smith, Tyler Smith, Natalie Smith, Lyle Smith, Dawn Smith, and Lane Smith (the Smiths) over the use of and width of Seneca Lane. [Appellants] utilize Seneca Lane as the sole means of ingress and egress to their property; the Smiths live along and own property adjacent to and under Seneca Lane. On September 16, 2016, [Appellants] filed a complaint for injunction to prevent the Smiths "from interfering with the [Appellants'] ability to transport necessary farm equipment to harvest the crops growing on [Appellants'] land," and "to prevent [the Smiths] from imposing [their] width limitation[.]" Complaint for Injunction, 9/16/2016, at ¶¶ 7, 11.
>
> On October 20, 2016, the trial court issued an order (1) granting a preliminary injunction enjoining the Smiths from interfering with [Appellants'] use of Seneca Lane as it currently existed; (2) allowing each party the opportunity to conduct a survey of Seneca Lane; and (3) scheduling an evidentiary hearing on the complaint for injunction.

---

[1] Some of the named parties in this ongoing dispute have changed as a result of some of the land changing title. **See, e.g.,** Trial Court Opinion, 11/17/20, at 8 n.1 ("Although George L. Pastva was not a named party in the prior litigation . . . [he was found in that case] to have an interest in the property in question as a buyer.]); **see also** Appellants' Brief at 4 (referencing "successors-in-interest"); Smiths' Brief at 1 (referencing "predecessor in title").

[Appellants] filed an amended complaint for injunction on January 20, 2017, and the Smiths responded with answers and new matter on February 14, 2017, and February 16, 2017.

The trial court held evidentiary hearings on January 31, February 16, February 17, and April 10, 2017, at which [Appellants] and the Smiths presented testimony and evidence. [Appellants] argued that "they are entitled to widen Seneca Lane because it is a private road." Trial Court Opinion, 9/6/2017, at 7. On September 6, 2017, the trial court denied [Appellants'] complaint and amended complaint for injunction, and found that: (1) "[Appellants] have a prescriptive easement over Seneca Lane[;]" (2) "[t]he present width of the roadbed of Seneca Lane represents the width of the prescriptive easement[;]" and (3) "[the Smiths] have no legal right to impede [Appellants'] use of their prescriptive easement [for ingress and egress to their property.]" *Id.* at 9–10.

*Hoover v. Smith*, No. 1452 WDA 2017 (Pa. Super. Ct. Apr. 13, 2018) (unpublished memorandum at 1).

Appellants initiated the prior action at No. 2016 GN 2844 by filing a complaint seeking an injunction, while the Smiths initiated the action underlying this appeal at No. 2019 GN 64 by filing a complaint for injunction. However, the parties who "utilize Seneca Lane as the sole means of ingress and egress to their property" and seek "to transport necessary farm equipment to harvest the crops growing on [their] land" are the Appellants in both Superior Court appeals. In the prior appeal, we found "all claims waived" and affirmed the trial court. *Hoover v. Smith*, *supra*.

In this case, the Smiths filed their complaint for injunction on January 7, 2019. The Smiths averred Appellants were denying them the "use and enjoyment" of Seneca Lane. They alleged that Appellants had constructed a

new road for the sole purpose of closing off and blocking Seneca Lane with a fence and gate to prevent them from using it, and cited the prior trial court determination at No. 2016 GN 2844 (2017 Decision) regarding the prescriptive easement on Seneca Lane. The Smiths sought "relief consistent with th[e 2017 D]etermination and consistent with [their] use." Complaint, 1/7/19, at ¶¶ 26. They requested Appellants "be enjoined from further blocking Seneca Lane, be required to remove the fence and gate which blocks the use of Seneca Lane, and . . . be further enjoined from inhibiting the use of Seneca Lane as it has been used for a period in excess of 21 years." *Id.* at 9 (unnumbered).

Appellants filed preliminary objections, which the trial court overruled. The Smiths filed an amended complaint. Appellants filed an answer with new matter and a motion requesting permission to file a counterclaim, which the court granted. On July 27, 2019, Appellants filed a counterclaim in which they averred the prescriptive easement was for "ingress, egress, and farming." Counterclaim, 7/27/20, at ¶ 57. Appellants averred the 2017 Decision found the width of the easement to be "the width of the roadbed of Seneca Lane," but emphasized the 2017 Decision did not make "a finding of the specific width . . . other than described above." *Id.* at ¶¶ 58, 59. Appellants claimed the Smiths' "interference with [Appellants'] use of the easement was causing immediate and irreparable harm that cannot be adequately compensated by money damages." *Id.* at ¶ 61. Appellants stated their "requested relief will

return the parties to the status quo," and their "right to relief [wa]s clear because it arises from decades of use **and [the 2017 Decision] that is binding on all parties to this litigation**." *Id.* at ¶ 62, 63 (emphasis added).

On August 20, 2020, Appellants filed a petition for a preliminary injunction. Appellants repeated many of the averments from their counterclaim, and as noted above, requested the Smiths be ordered to remove metal stakes and No Trespassing signs, and cease interference with Appellants' farming operations, including "summoning the State Police over . . . [Appellants'] lawful use of the prescriptive easement." Petition for Preliminary Injunction, 8/20/20. The Smiths filed an answer, and the trial court scheduled an evidentiary hearing. In the trial court's words:

> This lawsuit involves a dispute relative to property rights on and over Seneca Lane, within Taylor Township, Blair County, Pennsylvania. Pursuant to a prior court order entered by the Honorable Wade A. Kagarise, [Appellants] have a prescriptive easement over Seneca Lane from Plum Creek Road to [Appellants'] properties. Judge Kagarise entered his prior ruling by Opinion and Order dated September 6, 2017, filed to 2016 GN 2844 (which we incorporate herein).
>
> There is no dispute between the parties that Judge Kagarise's ruling provided [Appellants] a prescriptive easement for purposes of ingress and egress over Seneca Lane. There is a dispute as to whether such prescriptive easement was determined to be used for farming.
>
> What is pending before the court is the Petition for Preliminary Injunction filed by [Appellants]. The matter proceeded to hearing on November 9, 2020, at which time [Appellants] presented the testimony of Ross Snider, while the [Smiths] presented the testimony of Charles A. Smith, Jr. The parties stipulated that [Appellants'] Exhibits 1 & 2, being photographs of Seneca Lane, were accurate reflections of the area

in question, including the location of the posts which are at issue relative to the Petition for Injunction.

Upon conclusion of the hearing, counsel presented legal arguments on behalf of their respective clients.

Trial Court Opinion, 12/22/20, 1-2 (footnote omitted).

The trial court denied and dismissed Appellants' petition for preliminary injunction by order dated November 17, 2020. Appellants filed a timely notice of appeal; both Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellants present the following issue for review:

DID THE TRIAL COURT MISAPPLY THE LAW IN DETERMINING THAT *RES JUDICATA* BARRED THE CURRENT REQUEST FOR AN INJUNCTION PREVENTING THE INTERFERENCE WITH AN EXISTING EASEMENT BASED ON A PRIOR JUDGMENT WHERE THERE IS NO IDENTITY OF THE THING SUED FOR OR CAUSES OF ACTION AND THE ULTIMATE ISSUE, THE MEASURED WIDTH OF THE ROAD, WAS NEITHER DECIDED NOR NECESSARY TO THE PRIOR DECISION?

Appellants' Brief at 3.

Preliminarily, we *sua sponte* address jurisdiction. **See Turner Const. v. Plumbers Local 690**, 130 A.3d 47, 63 (Pa. Super. 2015) ("[W]e can raise the issue of jurisdiction *sua sponte*"). In their statement of jurisdiction, Appellants claim this Court has "exclusive jurisdiction" because Appellants are appealing from a final order. Appellants' Brief at 1 (citing 42 Pa.C.S.A. § 742). Appellants are incorrect. The statute provides:

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount

- 6 -

involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

42 Pa.C.S.A. § 742.

Rule of Appellate Procedure 341 defines a final order as one which "disposes of all claims and of all parties," or is entered by the trial court as a final order "as to one or more but fewer than all of the claims and parties only upon **an express determination** that an immediate appeal would facilitate resolution of the entire case." *See* Pa.R.A.P. 341(b), (c) (emphasis added). Neither instance is applicable in this case where the Smiths initiated the action when they filed their complaint seeking an injunction and requesting that Appellants "be enjoined from further blocking Seneca Lane, be required to remove the fence and gate which blocks the use of Seneca Lane, and that [Appellants] be further enjoined from inhibiting the use of Seneca Lane . . ." Complaint for Injunction, 1/7/19, at 9 (unnumbered). The trial court has not ruled on the Smiths' complaint. In fact, the trial court specifically stated:

> We submit that a viable issue that remains to be resolved is whether the Appellants can use Seneca Lane for transport of farming equipment, so long as such farming equipment does not exceed the maximum width of the easement (11' 2") and so long as such use will not cause damage to [the Smiths'] property. We do not believe that this issue has yet been judicially determined.

Trial Court Opinion, 12/22/20, at 8.

The trial court's November 17, 2020 order denying Appellants' request for a preliminary injunction is not final. However, "it is, nevertheless, an interlocutory order appealable as of right pursuant to Pa.R.A.P.

- 7 -

311(a)(4)." ***Cleveland Asphalt Inc. v. Coal. For a Fair & Safe Workplace***, 886 A.2d 271, 275 n.3 (Pa. Super. 2005). ***See*** Pa.R.A.P. 311(a)(4) ("An appeal may be taken as of right ... from ... [a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction[.]"). We therefore have jurisdiction to review Appellants' claim that the trial court erred in denying their request for a preliminary injunction.

We review orders granting preliminary injunctions for an abuse of discretion. ***Matenkoski v. Greer***, 213 A.3d 1018, 1025 (Pa. Super. 2019) (citation omitted). "We do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below." ***Id.*** Further,

> In ruling on a preliminary injunction request, a trial court has "apparently reasonable grounds" for its denial of relief where it properly finds that any one of the following "essential prerequisites" for a preliminary injunction is not satisfied. First, a party seeking a preliminary injunction must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. Second, the party must show that greater injury would result from refusing an injunction than from granting it and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. Third, the party must show that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct. Fourth, the party seeking the injunction must show that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits. Fifth, the party must show that the injunction it seeks is reasonably suited to abate the offending activity. Sixth and finally, the party

seeking an injunction must show that a preliminary injunction will not adversely affect the public interest.

***Kuhstoss v. Steele***, 234 A.3d 789, 792–93 (Pa. Super. 2020) (citation omitted).

For a preliminary injunction to issue, every one of the prerequisites must be established; if the petitioner fails to establish any one of them, there is no need to address the others. ***County of Allegheny v. Commonwealth***, 544 A.2d 1305, 1307 (Pa. 1988). The proponent of a preliminary injunction faces a heavy burden of persuasion especially where, as here, the trial court has not been persuaded and has denied the injunction request. ***Id.*** at 1308.

With respect to a prescriptive easement, we have explained that a prescriptive easement is not fixed by agreement between parties or their predecessors-in-interest. ***See Soderberg v. Weisel***, 687 A.2d 839, 843 n.3 (Pa. Super. 1997). Rather, a prescriptive easement is a right to use another's property that is "created by adverse, open, continuous, notorious and uninterrupted use of the land for twenty-one years." ***Adshead v. Sprung***, 375 A.2d 83, 84 (Pa. Super. 1977).

Here, the trial court in the 2017 Decision determined Seneca Lane was "a presumptive grant or prescriptive easement." Opinion and Order, 9/6/17, at 8; ***see also*** 9 ("[Appellants] have a prescriptive easement over Seneca Lane providing them ingress and egress to and from the [] property."). The court specified the "present width of the roadbed of Seneca Lane represents the width of the prescriptive easement," and the Smiths had "no legal right to

impede [Appellants'] use of their prescriptive easement."[2]  **Id.** at 10.

Instantly, the trial court expressly incorporated the 2017 Decision.  **See** Trial

Court Opinion, 12/22/20, at 2 (noting Opinion and Order from 2017 Decision

was attached as Exhibit A to Appellants' preliminary objections to the Smiths'

complaint).

The 2017 Decision denied the request for an injunction filed by the

landowners at the time, Lydia Jane Hoover and Appellant Lonnie M. McDonald,

co-executrices of the Last Will and Testament of Clair A. Snoberger, who

sought to widen Seneca Lane "to accommodate modern day farm equipment."

Opinion and Order, 9/6/17, at 7.  In the 2017 Decision, the court denied the

request to expand the width of Seneca Lane, but specified the plaintiffs "are

permitted to take action to maintain Seneca Lane in its present condition.  This

includes maintenance of the culvert allowing Seneca Lane to cross the

stream."  **Id.** at 8-9.  The court also instructed:  "In the event that any further

dispute arises over the maintenance and repair of the culvert or Seneca Lane,

this Opinion and Order is not a bar to future legal action to address that

dispute."  **Id.** at 9.

In this action at No. 2019 GN 64, the trial court has twice stated:

_____

[2] Appellants in the 2017 decision included Lonnie M. McDonald, one of the Appellants in this case; Appellant Gerald Pastva was not a party in that case, although he testified as an expert witness and the court determined he had a property interest as buyer with an agreement of sale to purchase the property. Opinion and Order, 9/6/17, at 3.

There is no dispute between the parties that [the 2017 decision] provided [Appellants] a prescriptive easement for purposes of ingress and egress over Seneca Lane. There is a dispute as to whether such prescriptive easement was determined to be used for farming.

Trial Court Opinion, 11/17/20, at 2; Trial Court Opinion, 12/22/20, at 2.

In denying and dismissing Appellants' petition seeking a preliminary injunction to facilitate farming, the court invoked *res judicata* and concluded:

We find that the elements of *res judicata* . . . are satisfied in the action before us.

As a result of such finding, it has been judicially determined that [Appellants] have a prescriptive easement over Seneca Lane for purpose of ingress and egress only, and not for purposes of farming.

The width of the prescriptive easement over Seneca Lane is no greater than 11' 2".

The placing of the stakes at least 12' apart by Charles A. Smith, Jr. does not impede [Appellants'] prescriptive easement and use of Seneca Lane for ingress and egress.

[Appellants] have not met their burden of proof in establishing the grounds for a preliminary injunction.

Trial Court Opinion, 11/17/20, at 10-11 (underline in original, paragraph numbering omitted).

Although the court found the prescriptive easement was "not for purposes of farming," in its subsequent opinion prepared in response to Appellants' Rule 1925(b) statement, the court explained:

There were no specific findings made as to how long [Appellants] had engaged in farming activities using Seneca Lane, what type of farming equipment had been utilized over the years,

the width of such farming equipment, a description of what the "few exceptions" to utilize farm equipment were, etc.

Notwithstanding his findings set forth in #4 and #25, Judge Kagarise [in the 2017 decision] only found a prescriptive easement over Seneca Lane **providing [Appellants] ingress and egress to and from the[ir] property**. [Conclusion of Law #5, emphasis added].

**There was no legal conclusion made by Judge Kagarise that such prescriptive easement included the right to utilize Seneca Lane for transport of farming equipment, nor was there any legal conclusion made by Judge Kagarise that [Appellants] could not use Seneca Lane for the purpose of transport of farm equipment**.

An issue that was specifically addressed in our case was that the farm equipment utilized by Ross Snider, who farmed the land belonging to Appellant, Gerald L. Pastva, was wider than 11' 2" and caused damage to the [Smiths'] headwall along Seneca Lane.

In our Conclusion of Law #4, we found that the width of the prescriptive easement over Seneca Lane is no greater than 11' 2". This conclusion was made after review of Judge Kagarise's Opinion and Order and his reference to the 2016 Keller Engineers Survey which described Seneca Lane as being between 9' 6" and 11' 2" wide. [Judge Kagarise's Finding of Fact #21]. The Keller Engineers Survey was the last survey conducted prior to the evidentiary hearings held before Judge Kagarise. The last prior survey had been performed 14 years earlier, in 2002, by Ed Bellock, [Judge Kagarise's Finding of Fact #20].

We submit that a viable issue that remains to be resolved is whether the Appellants can use Seneca Lane for transport of farming equipment, so long as such farming equipment does not exceed the maximum width of the easement (11' 2") and so long as such use will not cause damage to [the Smiths'] property. We do not believe that this issue has yet been judicially determined.

Trial Court Opinion, 12/22/20, at 6-8 (bold emphasis in third paragraph added).

Recently, the Pennsylvania Supreme Court addressed *res judicata*, explaining:

*Res judicata* - literally, a thing adjudicated – is a judicially-created doctrine. **See Estate of Bell**, 463 Pa. 109, 113, 343 A.2d 679, 681 (1975). It bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action. **See R/S Financial Corp. v. Kovalchick**, 552 Pa. 584, 588, 716 A.2d 1228, 1230 (1998); **Balent v. City of Wilkes-Barre**, 542 Pa. 555, 563, 669 A.2d 309, 313 (1995). This Court has explained that

> [r]es judicata, or claim preclusion, prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. The doctrine of res judicata developed to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with an original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed.

**Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.**, 587 Pa. 590, 607, 902 A.2d 366, 376 (2006) (citation omitted); **see also R/S Financial**, 552 Pa. at 588, 716 A.2d at 1230 ("The purposes of the rule are the protection of the litigant from the dual burden of relitigating an issue with the same party or his privy and the promotion of judicial economy through prevention of needless litigation." (quoting **Foster v. Mut. Fire, Marine & Inland Ins. Co.**, 544 Pa. 387, 404, 676 A.2d 652, 661 (1996)).

Four elements common to both actions, sometimes termed the "four identities," **see, e.g., Estate of Tower**, 463 Pa. 93, 100, 343 A.2d 671, 674 (1975), must be present for *res judicata* to apply: "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." **In re Iulo**, 564 Pa. 205, 210, 766 A.2d 335, 337 (2001) (citing **Safeguard Mut. Ins. Co. v. Williams**, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975)).

*In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 378–79 (Pa. 2021) (footnote omitted).

Appellants argue the trial court misapplied the doctrine of *res judicata*. They assert the identities of issues and causes of actions are different, and that they initiated the prior action to determine whether Seneca Lane could be expanded, which in turn required the court to decide whether it was a private road, express grant or prescriptive easement; Appellants emphasize that the current case involves "occurrences in 2019 and 2020, well after" the 2017 Decision, and the relief sought, *i.e.*, from harm resulting from the prevention of Appellants' farming operations, is different from the prior action seeking to characterize Seneca Lane. Appellants' Brief at 11-12.

Conversely, the Smiths argue:

> In both cases, the legal rights of the parties to use the section of land known as Seneca Lane were at issue. In both cases, [Appellants] have attempted to widen the easement and their use of Seneca Lane. In both cases, [Appellants] have attempted [to] prevent the Smiths from placing posts on the edge of the Seneca Lane outside of the roadbed where the easement was judicially determined to have existed.
>
> The instant case is nothing more than a disgruntled litigant attempt[ing] to litigate the same case again, arguing the same rights, and asking for the same relief. The doctrine of Court [*sic*] *res judicata* prevents such litigation, and the Trial Court correctly found the same applies to the instant case.

Smiths' Brief at 7-8.

Upon review of the record and careful consideration, we disagree with the Smiths that in both cases Appellants "have attempted to widen the

easement and their use of Seneca Lane." ***See id.*** As described above, Appellants sought a preliminary injunction in this case to compel the Smiths to remove metal stakes and No Trespassing signs, and stop them from calling State Police. Nonetheless, we agree the trial court properly denied Appellants' request for a preliminary injunction, although our rationale is different from that of the trial court.[3]

We reiterate that we review the trial court's denial of a preliminary injunction for an abuse of discretion, and may not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. ***Matenkoski v. Greer***, ***supra***. For a preliminary injunction to issue, a petitioner must establish six prerequisites. ***Kuhstoss v. Steele***, ***supra***. If the petitioner fails to establish any of the prerequisites, there is no need to address the others. ***County of Allegheny v. Commonwealth***, ***supra***. The petitioner bears a heavy burden of persuasion, especially where the trial court denied the injunction request. ***Id.***

Mindful of the foregoing, we find the record supports the trial court's determination that Appellants "did not meet their burden of proof in

---

[3] This Court is not limited by the trial court's rationale and may affirm on any basis. ***Hassel v. Franzi***, 207 A.3d 939, 957 (Pa. Super. 2019) (citing ***Commonwealth v. Moore***, 937 A.2d 1062, 1073 (Pa. 2007) (it is a well-settled doctrine in this Commonwealth that a trial court can be affirmed on any valid basis appearing of record).

establishing the grounds for a preliminary injunction." Opinion and Order, 11/17/20, at 11. Although the trial court failed to engage in the 6-factor analysis necessary for a preliminary injunction and initially cited only five factors from a 2002 Commonwealth Court case, *id.* at 3, Appellants did not present evidence to meet their 6-factor burden. *See* N.T., 11/9/20, at 3-39. For example, with regard to the first factor which requires the petitioner to show an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages, Appellants presented testimony that the Smiths' actions prevented them from harvesting "about half a crop," and they "still ha[d] crops in the field" because they were unable to traverse Seneca Lane with their combine and grain cart to complete the harvest. *Id.* at 10-11, 27. However, despite the averments in their pleadings, Appellants did not present any evidence regarding compensation or damages.

While we agree denial of the preliminary injunction was appropriate, we emphasize that it is unlikely our disposition will resolve the landowners' longstanding dispute. In the 2017 Decision, the trial court mentioned decades-old disputes concerning the land around Seneca Lane. Opinion and Order, 9/6/17, at 8 (declining to apply law of the case or coordinate jurisdiction rule based on *Walter v. Snoberger*, 1010 Equity Docket G, Blair County Court of Common Pleas (1923)). The court also contemplated future disputes, stating, "In the event that any further dispute arises over the

maintenance and repair of the culvert or Seneca Lane, this [2017 Decision] is not a bar to future legal action to address that dispute." ***Id.*** at 9.

The trial court relied on the 2017 Decision to invoke *res judicata* and deny Appellants' request for a preliminary injunction, and even Appellants "agree [the 2017 Decision] is determinative." N.T., 11/9/20, at 32. Yet the trial court — quoting the 2017 Decision — opined:

> We agree with Appellant[s] that in [the 2017 Decision], [the court] found, *inter alia*, as follows:
>
> * * *
>
> > 2. The land owned by [Appellants] is a landlocked parcel which has been used as farmland. The method of ingress to and egress from the property is by a road identified as Seneca Lane. This road has historically been used by [Appellants] and their ancestors to access their property.
> >
> > * * *
> >
> > 4. [Appellants'] use of their property has included engaging in farming activities. This activity has caused [Appellants] to utilize farm equipment on Seneca Lane. **The size of farm equipment has evolved over the last forty-two (42) years**.
> >
> > * * *
> >
> > 25. Historically, the individuals who have farmed [Appellants'] property have been able to utilize farm equipment on Seneca Lane with only a few exceptions.
>
> There were no specific findings made as to how long [Appellants] had engaged in farming activities using Seneca Lane, what type of farming equipment had been utilized over the years, the width of such farming equipment, a description of what the "few exceptions" to utilize farm equipment were, etc.

- 17 -

Notwithstanding [the] findings set forth in #4 and #25, [the 2017 Decision] only found a prescriptive easement over Seneca Lane **providing [Appellants] ingress and egress to and from the[ir] property**. [Conclusion of Law #5, emphasis added].

There was no legal conclusion made [in the 2017 Decision] that such prescriptive easement included the right to utilize Seneca Lane for transport of farming equipment, nor was there any legal conclusion made [] that [Appellants] could not use Seneca Lane for the purpose of transport of farm equipment.

An issue that was specifically addressed in our case was that the farm equipment utilized by Ross Snider, who farmed the land belonging to Appellant, Gerald L. Pastva, was wider than 11'2" and caused damage to the [Smith's] headwall along Seneca Lane.

In our Conclusion of Law #4, we found that the width of the prescriptive easement over Seneca Lane is no greater than 11'2". This conclusion was made after review of [2017 Decision] and reference to the 2016 Keller Engineers Survey which described Seneca Lane as being between 9'6" and 11'2" wide.  [Finding of Fact #21]. The Keller Engineers Survey was the last survey conducted prior to the evidentiary hearings []. The last prior survey had been performed 14 years earlier, in 2002, by Ed Bellock, [Finding of Fact #20].

**We submit that a viable issue that remains to be resolved is whether the Appellants can use Seneca Lane for transport of farming equipment, so long as such farming equipment does not exceed the maximum width of the easement (11'2") and so long as such use will not cause damage to [the Smiths'] property. We do not believe that this issue has yet been judicially determined**.

Opinion and Order, 12/22/20 at 6-8 (emphasis regarding the evolution of farm equipment and remaining viable issue added).

In discussing *res judicata* and collateral estoppel, the Pennsylvania Supreme Court observed that both concepts are "premised on practical considerations that overlap," and "include avoiding the cost and vexation of

- 18 -

repetitive litigation, conserving judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication." ***In re: Coatesville Area Sch. Dist.***, 244 A.3d at 379.

Given the policy favoring judicial economy, the Smiths' outstanding complaint and unresolved claims in Appellants' counterclaim, as well as the history of conflict between landowners regarding Seneca Lane, we affirm the trial court's denial of a preliminary injunction, but discourage the parties and trial court in future proceedings from piecemeal litigation and resolution. To the extent feasible, the parties and trial court shall attempt comprehensive dispute resolution, which would promote judicial economy, ***In re: Coatesville Area Sch. Dist.***, ***supra***, and most importantly, serve the interests of the landowners.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2021